DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas denying appellant's request for the return of money in appellant's possession at the time of his arrest for and subsequent guilty plea to multiple charges, including forgery. Because we conclude that the trial court properly denied the request, we affirm.
 {¶ 2} Based upon charges filed in two separate cases, appellant, Todd Hoover, pled guilty to forgery, a violation of R.C 2913.31; receiving stolen property, a violation of R.C.2913.51; breaking and entering, in violation of R.C. 2911.13; and possession of cocaine, a violation of R.C. 2925.11. At sentencing, appellant orally requested the return of the following items taken from him upon his arrest: approximately $1,500 in cash and a bus ticket.
 {¶ 3} The court later conducted a hearing and the following evidence was presented as to the source of the money taken from appellant. A Bowling Green Police detective testified that the amount of money found on appellant at the time of arrest was $1,225.43. According to the detective, during questioning after his arrest, appellant admitted that he had stolen and cashed checks from a local Bowling Green, Ohio business. Appellant also told the detective that "about $800" of the money in his possession at the time of arrest was from two checks he had cashed. The two checks cashed at a local grocery store and bank were for $496.75 and $665.75, respectively, for a total of $1,162.50.
 {¶ 4} Appellant's counsel argued that the plea agreement and ultimate sentence excluded any "restitution." He claimed that the money in appellant's possession, regardless of its source, was personal property of appellant and should be returned to him. The state responded that the money taken from appellant was actually stolen property, evidence of the crimes committed, and should be returned to the rightful owners, the grocery store and bank.
 {¶ 5} The court denied appellant's request, ordering that $1,162.50, the money corresponding to the checks, be returned to the grocery store and bank. The court further ordered that the remaining $62.93 and the bus ticket be returned to appellant.
 {¶ 6} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 7} "The trial court erred when it ordered money seized from the defendant by the police to be held and distributed to victims of the offense."
 {¶ 8} R.C. 2933.41 provides in pertinent part that:
 {¶ 9} "(A) (1) Any property * * that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited, and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section. * * *." (Emphasis added.) R.C.2933.41(C)(1) further states that a "person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies: (1) Theproperty was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator,accomplice, or offender with respect to the offense." (Emphasis added.)
 {¶ 10} R.C. 737.29 further provides that:
 {¶ 11} "Stolen or other property recovered by members of the police force of a municipal corporation shall be deposited and kept in a place designated by the mayor. Each such article shall be entered in a book kept for that purpose, with the name of the owner, if ascertained, the person from whom taken, the place where found with general circumstances, the date of its receipt, and the name of the officer receiving it.
 {¶ 12} "An inventory of all money or other property shall be given to the party from whom taken, and in case it is not claimed by some person within thirty days after arrest and seizure it shall be delivered to the person from whom taken, and to no other person, either attorney, agent, factor, or clerk, except by special order of the mayor."
 {¶ 13} Both of the previously noted statutes indicate that when stolen property is recovered, the actual property itself is returned to the rightful owner, not to the convicted offender who possessed it at the time of arrest.
 {¶ 14} "Restitution," on the other hand, is a sanction imposed by a court to reimburse a victim for economic loss. See R.C. 2929.18. Unlike the return of the actual stolen property, "restitution," in the legal sense, is the "making good of or giving an equivalent for any loss, damage or some injury; * * * indemnification." See Black's Law Dictionary (5th Ed. 1979). In the criminal setting, although it may include the repayment of money which was stolen, "restitution" implies that the original funds taken have been dissipated and the offender substitutes other funds to reimburse the victim for the economic loss suffered. See. R.C. 2929.18; State v. Prodonovich, 11th Dist. No. 2002-L-116, 2005-Ohio-3090 (sanction of restitution ordered to reimburse victim for value of forged checks).
 {¶ 15} In this case, the money in appellant's possession at the time of arrest was not confiscated or forfeited as "contraband." When appellant admitted that some of the money was from the cashing of the stolen checks, the money became "stolen property" and evidence pertaining to the crimes charged. Thus, the money was not merely personal property which was part of the inventoried items taken from appellant upon his arrest. The unrefuted evidence presented at the hearing on appellant's motion was that some of the money in appellant's possession was from the checks he had stolen and illegally cashed at the grocery store and bank. Appellant possessed more money than the amount received from the checks and offered no other explanation of its source. Consequently, the trial court reasonably inferred that some of the money in appellant's possession was stolen property and did not belong to appellant. Rather than a reimbursement or "restitution," the court simply returned stolen property to the rightful owners, the grocery store and the bank.
 {¶ 16} Therefore, we conclude that the trial court properly denied appellant's request to return to him all the money in his possession at the time of arrest. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 17} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Wood County and for which execution is awarded. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Skow, J., Parish, J. Concur.