OPINION
{¶ 1} Defendant-appellant Bryan K. Singleton appeals from the dismissal of his petition for post-conviction relief, without a hearing. Singleton contends that the trial court erred by dismissing his petition without a hearing, without making findings of fact and conclusions of law, and without referring the matter to the Montgomery County Public Defender's office.
 {¶ 2} We conclude that the trial court correctly held that the holding in Missouri v. Seibert (2004), 542 U.S. 600,124 S.Ct. 2601, upon which Singleton relies, does not have retroactive application, so that his petition for post-conviction relief, filed eight years after his conviction and sentence, is not saved from being untimely by reason of R.C. 2953.23(A)(1)(a). Because the trial court was without jurisdiction to consider Singleton's untimely petition, the trial court correctly dismissed the petition without a hearing, and made the only conclusion of law necessary to support its decision. Because the trial court properly dismissed Singleton's untimely petition for post-conviction relief without a hearing, it was not required, under State v. Crowder (1991), 60 Ohio St.3d 151, to notify the public defender's office.
 {¶ 3} The judgment of the trial court is Affirmed.
 I {¶ 4} In 1997, Singleton was convicted of Aggravated Murder, Aggravated Robbery, Aggravated Burglary, and Having a Weapon While Under a Disability, and was sentenced accordingly. He took an appeal from his conviction and sentence. We affirmed. Statev. Singleton (March 31, 1999), Montgomery App. Nos. 17003 and 17004. Singleton's attempt to obtain review in the Ohio Supreme Court was unsuccessful. State v. Singleton (1999),86 Ohio St.3d 1438.
 {¶ 5} Singleton sought habeas corpus relief in the federal courts, but was unsuccessful. Singleton v. Carter (February 7, 2002), S.D.Ohio No. 00-00380; Singleton v. Carter (6th
Cir., 2003), 74 Fed. Appx. 536; Singleton v. Carter (2004),540 U.S. 1192.
 {¶ 6} Singleton filed the petition for post-conviction relief that is the subject of this appeal on June 28, 2005. The trial court, finding it not to have been timely filed, dismissed Singleton's petition by decision and entry filed August 23, 2005. From the order dismissing his petition, Singleton appeals.
 II {¶ 7} Singleton's First Assignment of Error is as follows:
 {¶ 8} "THE TRIAL COURT COMMITS PREJUDICIAL ERROR AND ABUSES ITS DISCRETION WHERE THE COURT GRANTED APPELLEE — STATE OF OHIO'S MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW UNDER THE OHIO AND U.S. CONSTITUTIONS."
 {¶ 9} In deciding that Singleton's petition was untimely, and must therefore be dismissed, the trial court reasoned as follows:
 {¶ 10} "R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed no later than 180 days after the trial transcript is filed in the Court of Appeals in the direct appeal of the conviction. The Defendant's petition for post-conviction relief was filed on June 28, 2005, several years after the filing of the transcript and decisions of the Court of Appeals and the Ohio Supreme Court on direct review.
 {¶ 11} "The Defendant argues that the untimely petition is appropriate since the statute contains an exception when `the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.' R.C. 2953.23(A)(1)(a). He argues that Missouri v. Seibert
(2004), 542 U.S. 600, applies retroactively, and that his rights were violated based on the Seibert decision.
 {¶ 12} "When a decision of the United States Supreme Court results in a `new rule,' that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, such as Mr. Singleton's, the rule applies only in very limited circumstances. Schriro v. Summerlin (2004), 542 U.S. 348[, 124 S.Ct. 2519]. New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, Bousley v. UnitedStates (1998), 523 U.S. 614, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power. Saffle v. Parks
(1990), 494 U.S. 484. Such rules apply retroactively because they `necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.' Id.
 {¶ 13} "New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with the use of an invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, the Supreme Court gives retroactivity to only a small set of `watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.' Id. This class of rules is extremely narrow. Tyler v. Cain
(2001), 523 U.S. 656.
 {¶ 14} "For example, using these guidelines, Schriro held that Ring v. Arizona (2002), 536 U.S. 584, is properly classified as procedural. Ring determined that a sentencing judge, sitting without a jury, may not find an aggravating circumstance necessary for the imposition of the death penalty. Rather, the Sixth Amendment requires that those circumstances be found by a jury.
 {¶ 15} "In line with this rationale are Johnson v. NewJersey (1966), 384 U.S. 719, which declined to apply Miranda v.Arizona (1966), 384 U.S. 436, retroactively, and Tehan v.United States ex rel. Shott (1966), which declined to applyGriffin v. California (1965), 380 U.S. 609, prohibiting adverse comment on a Defendant's silence, retroactively.
 {¶ 16} "In summary, the Defendant's Petition for Post-Conviction Relief has not been filed timely. The only exception to this rule is if the United States Supreme Court has recognized a new federal or state right that applies retroactively. Missouri v. Seibert, having to do with a method of interrogation which may impede the rule set forth in Mirandav. Arizona (which, itself, is not retroactive), is not applied retroactively. Therefore, the Petition for Post-Conviction Relief is untimely and is DISMISSED."
 {¶ 17} We find no flaw in the trial court's reasoning. The holding in Missouri v. Seibert, supra, is that the police tactic of questioning a suspect in custody first withoutMiranda warnings, and then, once a confession has been obtained, giving Miranda warnings and getting the suspect to make the same confession over again, which had seemed to have been consistent with Oregon v. Elstad (1985), 470 U.S. 298,105 S.Ct. 1285, 84 L.Ed.2d 222, is improper, and will not save the second confession from exclusion for having violated Miranda v.Arizona, supra. As the trial court noted, the holding inMiranda v. Arizona, itself, has not been given retroactive application. Perforce, the holding in Missouri v. Seibert,
supra, upon which Singleton relies, which interprets the scope of the holding in Miranda v. Arizona, should not be given retroactive application.
 {¶ 18} Singleton's First Assignment of Error is overruled.
 III {¶ 19} Singleton's Second and Third assignments of error are as follows:
 {¶ 20} "IT WAS PREJUDICIAL ERROR AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT NOT TO MAKE AND FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN DISMISSING THE APPLICATION FOR RELIEF IN VIOLATION OF THE APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW.
 {¶ 21} "THE TRIAL COURT DEPRIVED APPELLANT OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW WHERE THE PETITION FOR POSTCONVICTION RELIEF STATED SUBSTANTIVE GROUNDS FOR RELIEF BUT THE COURT BELOW FAILED TO ORDER AND CONDUCT AN EVIDENTIARY HEARING."
 {¶ 22} A trial court "may not entertain" a petition for post-conviction relief that is untimely filed, unless the exceptions to the timeliness requirement apply. R.C. 2953.23(A). A trial court cannot be required to conduct an evidentiary hearing upon a petition that it is precluded by statute from entertaining. This disposes of Singleton's Third Assignment of Error.
 {¶ 23} The requirement in R.C. 2953.21(G) that a trial court shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition, "[i]f the court does not find grounds for granting relief" would seem to have no application where a trial court has properly dismissed a petition upon the ground that it has not been timely filed, because the trial court: (1) has dismissed the petition — not entered judgment denying relief on the petition; and (2) has not reached the question of whether the petition establishes grounds for relief.
 {¶ 24} Assuming, for purposes of analysis, only, that the requirement of making and filing findings of fact and conclusions of law applies in a case, like this one, where a trial court determines that a petition for post-conviction relief has not been timely filed, and dismisses it for that reason, the decision and entry of the trial court filed on August 23, 2005, contains all the findings of fact and conclusions of law appropriate to that determination. In the first paragraph of that decision, which is not quoted in Part II, above, the trial court lays out the facts of when the petition was filed and when the direct appeal from Singleton's conviction and sentence was concluded. Those are the only material facts. In the rest of the trial court's decision and entry, which is quoted in Part II, above, the trial court lays out its conclusions of law as to why the holding in Missouri v. Seibert, supra, is not to be given retroactive application, so that the statutory exception to the timeliness requirement is not satisfied.
 {¶ 25} Singleton's Second and Third assignments of error are overruled.
 IV {¶ 26} Singleton's Fourth Assignment of Error is as follows:
 {¶ 27} "THE TRIAL COURT VITIATED APPELLANT'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHT TO COUNSEL WHERE THE COURT DISMISSED THE PETITION WITHOUT FIRST REFERRING THE CASE TO THE COUNTY PUBLIC DEFENDER FOR RECOMMENDATIONS."
 {¶ 28} In support of this assignment of error, Singleton relies upon State v. Crowder (1991), 60 Ohio St.3d 151. InCrowder, it was held:
 {¶ 29} "When a person is convicted of a criminal offense and claims that his or her constitutional rights were violated, the person, pursuant to R.C. 2953.21, may petition the court which imposed the sentence and request that the court vacate or set aside the judgment or sentence. Next, the clerk of the court must forward a copy of the petition to the prosecuting attorney of that county. [Footnote omitted.] Thereafter, unless the petition, supporting affidavits, and files and records pertaining to the proceedings show that `substantive grounds for relief' exist, the court need not afford the petitioner a hearing. [Footnote omitted.] If the court finds, however, that a petitioner isentitled to a hearing, then it is entirely possible that thepublic defender may not become aware that a hearing has been set,or that the actual hearing itself has taken place in a case wherethe petitioner seeks to appeal the trial court's denial of thepostconviction petition. Hence, without notification, the public defender is in no position, with respect to postconviction proceedings, to exercise those discretionary powers explicitly conferred on the public defender by the General Assembly pursuant to the Public Defender's Act. [Previously identified in the opinion as being contained in R.C. 120.16(A)(1) and (D).]Accordingly, the public defender must be provided with noticethat a postconviction evidentiary hearing has been set." Id., at60 Ohio St.3d 153 (emphasis added).
 {¶ 30} From the emphasized portion of the holding in Statev. Crowder, supra, it is clear that a trial court's duty to notify the public defender's office of the pendency of a petition for post-conviction relief only arises when, and if, the petition is scheduled for an evidentiary hearing. Where, as here, no evidentiary hearing is scheduled on a petition for post-conviction relief, the duty to advise the public defender's office of the pendency of the petition does not arise.
 {¶ 31} Singleton's Fourth Assignment of Error is overruled.
 V {¶ 32} All of Singleton's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Grady, P.J., and Donovan, J., concur.