OPINION
 {¶ 1} Defendant-appellant, Michael S. Robinson, appeals from a judgment of the Franklin County Court of Common Pleas denying his R.C.2953.21 petition for post-conviction relief. Because the trial court properly concluded defendant's petition is untimely and unaffected by the Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, we affirm.
 {¶ 2} By indictment filed July 3, 1991, defendant was charged with two counts of aggravated murder in violation of R.C. 2903.01. Each count carried two specifications: one death penalty specification and one firearm specification. Pursuant to jury trial, the trial court convicted defendant of the indicted charges. The trial court imposed consecutive life sentences without parole for 30 years on each count, plus an additional three years for the use of a firearm. On appeal, this court affirmed the trial court's judgment. State v. Robinson (May 13, 1993), Franklin App. No. 92AP-1739.
 {¶ 3} On March 15, 2006, defendant filed a petition for post-conviction relief, contending the trial court violatedFoster, supra, in imposing consecutive sentences. By judgment entry filed March 31, 2006, the trial court denied defendant's petition, concluding (1) defendant's petition was untimely, and (2)Foster does not apply to defendant's sentence.
 {¶ 4} Defendant appeals, assigning two errors:
 Assignment of error No. 1:
 The trial court abused its discretion in stating that defendant's petition was filed untimely in accord with O.R.C. § 2953.23(A)
 Assignment of error No. 2:
 The trial court abused its discretion in stating that State v. Foster, Supra, does not apply to the defendant.
 {¶ 5} Defendant's two assignments of error are interrelated and together assert the trial court erred in concluding Foster does not warrant re-examination of his 1992 conviction and sentence.
 {¶ 6} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. Post-conviction relief is not a constitutional right, but rather is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v.Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32;Murphy, supra.
 {¶ 7} R.C. 2953.21(A)(2) provides the time limitation for filing a petition for post-conviction relief, stating that, except as provided in R.C. 2953.23, the petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." The uncodified law, section 3 of the passed legislation, provides defendant one year from the legislation's effective date, September 21, 1995, to file a petition, since he was sentenced prior to the effective date of the legislation.
 {¶ 8} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless, as relevant here, defendant demonstrates that (1) subsequent to the period described in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation, and the petition asserts a claim based on that right, and (2) but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. In an attempt to invoke the provisions of R.C. 2953.23(A), defendant apparently asserts that Foster, premised on the United States Supreme Court's opinion inBlakely v. Washington (2004), 542 U.S. 296, represents a new federal or state right that applies retroactively to him.
 {¶ 9} Contrary to defendant's contentions, this court has concludedBlakely does not recognize a new federal or state right that applies retroactively. State v. Myers, Franklin App. No. 05AP-228,2005-Ohio-5998, discretionary appeal not allowed (2003),100 Ohio St.3d 1531 (concluding Blakely does not apply retroactively to cases seeking collateral review of a conviction); State v. Cruse, Franklin App. No. 05AP-125, 2005-Ohio-5095, discretionary appeal not allowed (2002),97 Ohio St.3d 1422; see, also, State v. Stillman, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299, discretionary appeal not allowed (2006),108 Ohio St.3d 1489 (concluding the United States Supreme Court did not make the decision in Blakely retroactive to cases already final on direct review). Because Blakely does not recognize a new federal or state right that applies retroactively, Foster, premised on Blakely, similarly does not. State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 15. Accordingly, defendant's petition is untimely, and the trial court properly determined it lacked jurisdiction to consider it. State v.Bivens, Franklin App. No. 05AP-1270, 2006-Ohio-4340 (noting that the timeliness requirement of R.C. 2953.21 is jurisdictional, leaving a trial court with no authority to adjudicate an untimely post-conviction relief petition unless the petitioner complies with R.C. 2953.23[A][1]).
 {¶ 10} Even if defendant could overcome the jurisdictional hurdle his untimely petition presented, defendant's attempt to applyBlakely and Foster to his sentence would be unpersuasive.Foster addresses the constitutionality of sentences imposed pursuant to Am. Sub. S.B. No. 2, effective July 1, 1996 and applicable only to offenses committed on or after that date. State v. Rush (1998),83 Ohio St.3d 53, certiorari denied (1999), 525 U.S. 1151. Defendant was indicted in 1991 and convicted in 1992. The laws to whichBlakely and Foster apply did not exist when defendant committed the crimes that are the subject of his petition. As a result,Blakely and Foster do not apply to defendant's sentence.
 {¶ 11} Because the trial court properly denied defendant's petition for post-conviction relief, we overrule defendant's two assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
KLATT, P.J., and TRAVIS, J., concur.