OPINION
{¶ 1} Appellant, James H. Smith ("appellant"), filed these appeals seeking review of a judgment by the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief. For the reasons that follow, we affirm the decision of the trial court. *Page 2 
 {¶ 2} In November 2000, appellant was indicted in case No. 00CR11-6708 on two counts of aggravated robbery, four counts of robbery, one count of kidnapping, and one count of having a weapon while under disability. Each of the aggravated robbery, robbery, and kidnapping counts carried firearm specifications. Also in November 2000, appellant was indicted in case No. 00CR11-6726 on one count of aggravated robbery and one count of robbery. In June 2001, appellant was indicted in case No. 01CR06-3633 on one count of aggravated robbery with two firearm specifications.
 {¶ 3} In October 2001, appellant entered guilty pleas in each of the three case numbers. In case No. 00CR11-6708, appellant pled guilty to one count of aggravated robbery with a firearm specification. In case No. 00CR11-6726, appellant pled guilty to one count of robbery. In case No. 00CR06-3633, appellant pled guilty to one count of aggravated robbery. Nolle prosequis were entered on all the remaining charges and specifications.
 {¶ 4} In February 2002, the trial court held a sentencing hearing for all three case numbers. On the first case number, the trial court imposed a sentence of six years. On the second case number, the trial court imposed a sentence of two years. On the third case number, the trial court imposed a sentence of three years. The trial court ordered all three sentences to be served consecutively, for a total period of incarceration of 11 years. Appellant did not file an appeal of the trial court's sentencing.
 {¶ 5} In July 2006, appellant filed a petition seeking post-conviction relief in each of the three cases. In that petition, appellant argued that his sentences were unconstitutional under the decision rendered by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Appellant's petition also *Page 3 
argued that the retroactive application of the severance remedy ordered in Foster is unconstitutional. Upon motion of appellee, State of Ohio, the trial court dismissed appellant's petition without holding a hearing on the grounds that the petition was untimely, and was further barred by res judicata. Appellant then filed these appeals, alleging as the sole assignment of error:
 The trial court was without authority to impose consecutive terms of incarceration, as the sentence violated the Sixth Amendment to the United States Constitution.
 {¶ 6} R.C. 2953.21(A)(2) provides that:
 Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
In these cases, appellant did not file direct appeals of his conviction and sentencing. Therefore, appellant had 180 days from the date of expiration of the date for filing such an appeal to file this petition for post-conviction relief, unless he can satisfy the criteria set forth in R.C. 2953.23.
 {¶ 7} R.C. 2953.23(A)(1) provides that a court may not entertain a petition for post-conviction relief filed outside the 180-day period unless both of the following apply:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to *Page 4 
persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Unless these criteria are satisfied, a trial court lacks jurisdiction to consider any petition filed more than 180 days after the time for filing. State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524.
 {¶ 8} Appellant's petition was filed well after expiration of the time period during which appellant was required to file a direct appeal of his convictions and sentencing. Therefore, appellant was required to show the existence of the grounds listed in R.C. 2953.23(A) (1 ). Appellant's petition does not rely on any newly discovered facts to support the contention that he is entitled to post-conviction relief. Thus, in order to satisfy R.C. 2953.23(A)(1)(a), appellant must show that, subsequent to the time during which appellant was required to file his petition, the Supreme Court recognized a new state or federal right that applies retroactively to persons in appellant's situation.
 {¶ 9} The Ohio Supreme Court's decision in Foster was an application of the decision rendered by the United States Supreme Court inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. By its express terms, the decision in Foster only applied to cases that were pending on direct appeal at the time the decision was issued. We have repeatedly held that neither Blakely nor Foster recognized a new state or federal right that would apply retroactively. State v.Martin, Franklin App. No. *Page 5 
06AP-797, 2007-Ohio-1843; State v. Robinson, Franklin App. No. 06AP-368,2006-Ohio-6649. Thus, appellant's petition was not filed timely in accordance with R.C. 2953.21, and did not establish grounds for untimely filing pursuant to R.C. 2953.23. Therefore, the trial court had no jurisdiction to consider appellant's petition, and dismissal without further hearing was appropriate.
 {¶ 10} Further, even if appellant's petition had been timely filed, we find no merit to appellant's claim that the trial court's imposition of consecutive sentences violated his constitutional rights. TheFoster court made it clear that, after the provisions of Ohio law requiring a trial court to make certain findings in order to impose consecutive sentences and/or non-minimum sentences were severed from the remaining statutory provisions, Ohio trial courts have the discretion to impose any sentences, including consecutive sentences, that are within the statutorily authorized sentencing range. Appellant argues that theFoster court's decision limiting its application to those cases on direct appeal at the time of its announcement acts as ex post facto law in violation of the Constitution, and violates his right to due process. We have previously rejected these arguments, finding that theFoster remedy is not an ex post facto law and is not a violation of the right to due process. State v. Gibson, Franklin App. No. 06AP-509,2006-Ohio-6899; State v. Alexander, Franklin App. No. 06AP-501,2006-Ohio-6375.
 {¶ 11} Consequently, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1