OPINION
{¶ 1} Appellant, Victor Curtis ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In November 1982, appellant was indicted on a charge of aggravated murder with a death penalty specification and on two charges of rape arising from the October 1982 killing of Janice Conger. One charge of rape was dismissed by the trial *Page 2 
court. The case proceeded to trial, and on November 11, 1983, appellant was found not guilty of aggravated murder and rape, but guilty of murder and attempted rape. Appellant was sentenced to fifteen years to life on the murder conviction, and five to fifteen years on the attempted rape conviction, with the sentences to be served consecutively. Appellant's convictions were affirmed on appeal. State v. Curtis (Oct. 11, 1984), Franklin App. No. 84AP-212.
 {¶ 3} On February 2, 2004, appellant filed a motion for DNA testing, pursuant to R.C. 2953.72, which the trial court denied because appellant had not filed the acknowledgment regarding the statutory conditions and procedures for DNA testing, as required by R.C. 2953.72(A). On June 16, 2004, appellant filed a second motion for DNA testing, which has apparently not been ruled on by the trial court. On November 3, 2005, appellant filed a petition seeking post-conviction relief pursuant to R.C. 2953.21. The state filed a motion to dismiss the petition, which was granted by the trial court. Appellant then filed this appeal, alleging as the single assignment of error:
 THE TRIAL COURT ERRS IN DISMISSING A PETITION IN POSTCONVICTION, WHEN SUPREME COURT CASE LAW DECIDED AFTER THE CONVICTION OF THE ACCUSED, WOULD HAVE RESULTED IN A NEW TRIAL, CONSISTENT WITH THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION.
 {¶ 4} R.C. 2953.21(A)(2) provides that:
 Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition *Page 3 
shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 5} In this case, appellant's petition seeking post-conviction relief was filed well after 180 days from the date the trial transcript would have been filed in his direct appeal. R.C. 2953.23(A)(1) provides that, in order for a petition for post-conviction relief filed outside the 180-day period to be considered, the following criteria must be satisfied:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Unless these criteria are satisfied, a trial court lacks jurisdiction to consider any petition filed more than 180 days after the time for filing. State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524.
 {¶ 6} Appellant generally does not argue that newly discovered facts form the basis for his petition. Instead, appellant argues that case law developed since his conviction and appeal would support his claim. First, appellant argues that statements he made to police investigators would have been suppressed under the decision rendered by the United States Supreme Court in Missouri v. Seibert (2004), 542 U.S. 600, *Page 4 124 S.Ct. 2601, 159 L.Ed.2d 643. Seibert involved consideration of a particular interrogation technique used by police investigators whereby a criminal suspect would be questioned prior to being given the warnings required by Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694. Once incriminating statements were made, the suspect would be given the Miranda warnings and asked to repeat the incriminating statement. The Seibert court held that this two-step method of interrogation violated Miranda and required suppression of both pre-and post-warning statements. Seibert, supra, at syllabus.
 {¶ 7} The issue is whether Seibert recognized a new federal right that applies retroactively to persons such as appellant. Seibert did not recognize a new right, but, instead, was an application of the ruling inMiranda, which itself was not given retroactive application. SeeState v. Singleton, Montgomery App. No. 21289, 2006-Ohio-4522. Thus, theSeibert decision does not provide a basis for the R.C. 2953.23(A)(1) exception to the requirement that post-conviction petitions be filed within 180 days of the date of filing the trial transcript on direct appeal.
 {¶ 8} Furthermore, we note that, on direct appeal, appellant argued that the statements he made prior to receiving the Miranda warnings should have been suppressed because, at the time investigators first approached him, they had already begun to focus on him as a suspect. However, this court rejected that argument, finding that the investigators considered appellant to be under no greater suspicion than others who were being interviewed, and that the manner in which investigators acted did not constitute a custodial interrogation.Curtis, supra. Thus, even assuming that appellant could meet the requirements for finding his petition was timely filed, since appellant raised *Page 5 
the issue of whether his statements should have been suppressed on direct appeal, res judicata bars appellant from re-litigating that issue here.
 {¶ 9} Appellant argues that he could not have fully litigated the precise issue of the method used in his interrogation because, until theSeibert decision was released, he could not have known that his interrogation was improper. We note that it is actually not clear on the record before us that the method of interrogation used with appellant was the precise method the Seibert decision found was unconstitutional. In other words, it does not appear from the record that appellant made statements prior to being given the Miranda warnings, and then repeated them after being given the warnings. In fact, page A-28 of the exhibits attached to appellant's brief indicates that, "[w]hen the authorities gave appellant his Miranda warnings, he immediately stopped talking." However, even assuming, arguendo, that the interrogation was the exact type invalidated by Seibert, res judicata principles would still bar him from re-litigating the issue of whether his statements should have been suppressed, because res judicata applies to post-conviction proceedings, even where there has been a change in the applicable law. See State v.Szefcyk, 77 Ohio St.3d 93, 95, 1996-Ohio-337, 671 N.E.2d 233 ("There is no merit to appellee's claim that res judicata has no application where there is a change in the law due to a judicial decision of this court.").
 {¶ 10} As a second ground for his post-conviction petition, appellant argues that during jury deliberations in his case, the alternate jurors were allowed to remain in the jury room, which the Ohio Supreme Court has found violates a defendant's fair trial right under the Sixth Amendment. State v. Murphy, 91 Ohio St.3d 516, 2001-Ohio-112,747 N.E.2d 765. Appellant argues that the Murphy decision constituted recognition of a new right. *Page 6 
However, the Murphy decision cites a number of older cases from other states that had reached the same general conclusion. Murphy, supra, at 531. Thus, it is clear that the Murphy decision did not recognize a new federal or state right for purposes of R.C. 2953.23(A)(1).
 {¶ 11} Appellant also argues that there may have been a violation of the prosecution's duty to turn over exculpatory material pursuant toBrady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. As another ground, appellant argues that a key witness in his trial recanted after the conviction. Appellant's brief simply cites to what he claims is a favorable decision by the United States Supreme Court inBanks v. Dretke (2004), 540 U.S. 668, 124 S.Ct. 1256, 157 L.Ed.2d 1166. That case involved application of the federal habeas corpus statute, but appellant does not explain how the decision recognized a new state or federal right for purposes of R.C. 2953.23(A)(1). Furthermore, with respect to the Brady claim, appellant raised Brady on direct appeal, and, therefore, res judicata would apply to bar further litigation of that issue.
 {¶ 12} Appellant's brief identifies, as one ground for relief in his petition filed below, his claim for DNA testing. However, appellant does not develop this issue at all. Further, the record shows that, while the trial court denied one application for DNA testing, the court made it clear that a further application would be considered if properly filed, and it appears that a second application was filed and is pending below.
 {¶ 13} Finally, appellant argues that he is entitled to post-conviction relief because he was sentenced to consecutive sentences based on findings made by the court in violation of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The Ohio Supreme Court applied Blakely to Ohio's statutory sentencing provisions, *Page 7 
and found that some of the provisions, including the provision requiring a sentencing court to make certain findings before imposing consecutive sentences, were unconstitutional. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. We have held that neitherBlakely nor Foster recognized a new federal or state right for purposes of determining whether a post-conviction petition filed outside the 180-day period met the exception in R.C. 2953.23(A)(1). State v.Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649.
 {¶ 14} Thus, it appears that appellant's petition was not filed within the 180-day time period required by R.C. 2953.21, and appellant has not established grounds for the exception to the 180-day requirement set forth in R.C. 2953.23(A)(1). Consequently, the trial court correctly concluded that it lacked jurisdiction to consider appellant's petition.
 {¶ 15} Therefore, we overrule appellant's assignment of error, and affirm the judgment of the trial court.
Judgment affirmed.
 PETREE and BROWN, JJ., concur. *Page 1