OPINION
{¶ 1} Defendant-appellant, Vanny Loch, appeals the judgment of the Franklin County Court of Common Pleas, wherein the court dismissed appellant's petition for post-conviction relief and denied his motion for return of property.
 {¶ 2} Appellant owned VIP Pawn Shop ("VIP") in Columbus, Ohio beginning in 1995. State v. Loch, Franklin App. No. 02AP-1065, 2003-Ohio-4701. After an *Page 2 
investigation, a search warrant was obtained and items were seized.[1]
All the items were placed in a warehouse and representatives from Home Depot, Delta Marine, Circuit City, Best Buy, H.H. Gregg, Big Bear and Lowe's identified items they believed were stolen from their stores. Id.
 {¶ 3} On October 12, 2001, appellant was indicted on one count of engaging in a pattern of corrupt activity, one count of receiving stolen property with a value in excess of $100,000, and 113 counts of receiving stolen property with a value in excess of $500 but less than $5,000. Id. A jury trial was held, and the jury returned a verdict of guilty of one count of engaging in a pattern of corrupt activity, one count of receiving stolen property with a value in excess of $100,000, 20 counts of receiving stolen property with a value in excess of $500, but less than $5,000, and 11 counts of receiving stolen property with a value less than $500. Id. The remaining counts were dismissed by the state. Id. Appellant was ordered to serve a total sentence of 15-years incarceration and the trial court certified 54 days of jail time credit.
 {¶ 4} Appellant appealed his sentence and conviction, and this court affirmed the same on September 4, 2003 in Loch, supra. In May 2003, appellant filed a post-conviction petition pursuant to R.C. 2953.21 and in November 2003, the trial court dismissed the petition finding that appellant raised all of the matters in his direct appeal. No appeal was taken from this judgment. In August 2006, appellant filed a second post- *Page 3 
conviction petition arguing that his sentence was unconstitutional under the decision rendered by the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Later that month, appellant filed a pro se motion for the return of property seeking the return of property seized from his pawn shop by the Columbus Police Department. The trial court dismissed the post-conviction relief petition and denied the motion for return of property. After defendant filed two notices of appeal, this court sua sponte consolidated the cases for review.
 {¶ 5} On appeal, appellant asserts the following seven assignments of error:
 APPELLANT'S FIRST ASSIGNMENT OF ERROR:
 The trial court erred by depriving the Appellant of a liberty interest without due process of law.
 APPELLANT'S SECOND ASSIGNMENT OF ERROR:
 The trial court erred in sentencing the Appellant in violation of the Ex Post Facto Clause.
 APPELLANT'S THIRD ASSIGNMENT OF ERROR:
 The trial court committed plain error in sentencing the Appellant.
 APPELLANT'S FOURTH ASSIGNMENT OF ERROR:
 The Trial Court Erred as a Matter of Law to the substantial prejudice of the Appellant in denying his request for return of property when the indictment did not contain a specification for forfeiture of property.
 APPELLANT'S FIFTH ASSIGNMENT OF ERROR:
 The trial court erred as a matter of law to the substantial prejudice of the Appellant in denying his request for return of property when there was no special verdict returned by the jury for forfeiture of property. *Page 4 
 APPELLANT'S SIXTH ASSIGNMENT OF ERROR:
 The trial court erred as a matter of law to the substantial prejudice of the Appellant in denying his request for return of property when no forfeiture hearing was conducted.
 APPELLANT'S SEVENTH ASSIGNMENT OF ERROR;
 Given that the State failed to seek forfeiture of the Appellant's property prior to sentencing, to do so now will violate both the Ohio and United States Constitutions against Double Jeopardy.
 {¶ 6} Because they all suffer from the same jurisdictional flaw, appellant's first four assignments of error will be addressed together.
 {¶ 7} R.C. 2953.21(A)(2) provides that:
 Except as otherwise provided in section 2953.23
of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 8} In this case, appellant did file a direct appeal of his conviction and sentencing, and it is undisputed that he did not file his petition for post-conviction relief within 180 days of the transcript being filed in the court of appeals. Therefore, appellant must satisfy the criteria set forth in R.C. 2953.23 to allow the late filing of the post-conviction petition. R.C. 2953.23(A)(1) provides that a court may not entertain a petition for post-conviction relief filed outside the 180-day period unless both of the following apply: *Page 5 
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 9} Unless these criteria are satisfied, a trial court lacks jurisdiction to consider any petition filed more than 180 days after the time for filing. State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524. Appellant's petition was filed well after expiration of the time period during which appellant was required to file a direct appeal of his convictions and sentencing. Therefore, appellant was required to show the existence of the grounds listed in R.C.2953.23(A)(1). Appellant's petition does not rely on any newly discovered facts to support the contention that he is entitled to post-conviction relief. Thus, in order to satisfy R.C. 2953.23(A)(1)(a), appellant must show that, subsequent to the time during which appellant was required to file his petition, the Supreme Court of Ohio recognized a new state or federal right that applies retroactively to persons in appellant's situation.
 {¶ 10} The Supreme Court of Ohio's decision in Foster was an application of the decision rendered by the United States Supreme Court in Blakely v. Washington (2004), *Page 6 542 U.S. 296, 124 S.Ct. 2531. By its express terms, the decision inFoster only applied to cases that were pending on direct appeal at the time the decision was issued. We have repeatedly held that neitherBlakely nor Foster recognized a new state or federal right that would apply retroactively. State v. Martin, Franklin App. No. 06AP-797,2007-Ohio-1843; State v. Robinson, Franklin App. No. 06AP-368,2006-Ohio-6649. Thus, appellant's petition was not filed timely in accordance with R.C. 2953.21, and did not establish grounds for untimely filing pursuant to R.C. 2953.23.
 {¶ 11} The timeliness requirement of R.C. 2953.21 is jurisdictional and "a trial court has no authority to entertain an untimely post-conviction relief petition unless the petitioner meets the requirements of R.C. 2953.23(A)(1)." State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, at ¶ 16, citing State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524, at ¶ 12. See, also, State v. Sims, Clermont App. No. CA2005-08-077, 2006-Ohio-3091. Therefore, the trial court had no jurisdiction to consider appellant's petition, and dismissal without further hearing was appropriate.
 {¶ 12} Further, even if appellant's petition had been timely filed, we find no merit to appellant's claim that the trial court's imposed sentence violated his constitutional rights. After Foster, Ohio courts have the discretion to impose any sentence, including consecutive, within the statutorily authorized sentencing range. As for appellant's argument that the Foster court's decision limiting its application to those cases on direct appeal at the time of its announcement acts as ex post facto law in violation of both the United States and Ohio Constitutions, and violates his right to due process, we have previously rejected these arguments, finding that the Foster remedy does not violate the *Page 7 
prohibition against ex post facto laws and is not a violation of the right to due process. State v. Gibson, Franklin App. No. 06AP-509,2006-Ohio-6899; State v. Alexander, Franklin App. No. 06AP-501,2006-Ohio-6375.
 {¶ 13} Consequently, we overrule appellant's first four assignments of error.
 {¶ 14} Appellant's remaining assignments of error challenge the trial court's denial of appellant's motion for return of property. Specifically, appellant contends the state failed to comply with the forfeiture procedures set forth in R.C. 2923.32(B), failed to provide a forfeiture hearing, and that to do so now would violate both state and federal constitution protections against double jeopardy. To the contrary, the state contends appellant's motion for return of property not only fails on its merits, but also that said motion was not properly filed before the trial court. According to the state, appellant's four-year, post-sentence motion for return of property was actually a replevin action against the Columbus Police Department, and as such, the appropriate course of action is for appellant to pursue relief through a civil action naming the appropriate parties. The state submits thatState v. Harris (Mar. 7, 2000), Franklin App. No. 99AP-684, which concluded that the trial court erred in denying a motion for relief from judgment on the grounds that the underlying motion was not properly before it, was simply wrongly decided. We need not decide, however, the viability of Harris because appellant's motion for return of property ultimately fails on its merits since appellant is neither the owner of the property nor is he entitled to possession of it.
 {¶ 15} The basis for appellant's motion for return of property is that his "personal property" must be returned to him because the forfeiture procedures outlined in R.C. *Page 8 2923.32, et seq., were not followed. Appellant's position is meritless for two reasons. First, appellant's claims are barred by the doctrine of res judicata. See State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Appellant filed a direct appeal and two post-conviction petitions; however, he failed to raise the issue regarding the return of property until filing the motion for return of property four years after his sentencing and three years after his convictions and sentences were affirmed on appeal. Thus, he is now precluded from asserting these additional issues which should have been raised in those prior proceedings, particularly when the subject of this appeal does not involve any new evidence, nor any evidence that is outside of the record. State v. Poicus (Dec. 13, 1996), Lake App. No. 95-L-179.
 {¶ 16} Secondly, though appellant asserts there is no order forfeiting his "personal property," appellant has neither ownership nor possessory rights in the seized property he now seeks to have returned. In his direct appeal, appellant argued the state failed to prove that the items seized from VIP were stolen. This court found, "[t]he circumstantial evidence that the items were stolen was overwhelming." Loch, at ¶ 34. In support of this finding, this court noted not only witness testimony, which included testimony from those who sold stolen merchandise to VIP, as well as testimony from various store representatives that identified the property as being stolen from their respective places of business, but also that the seized items were in their sealed boxes with original shipping labels from the retailers. Additionally, this court also found that "there was also evidence presented indicating that appellant knew or should have known the items were stolen." Id. at ¶ 40. *Page 9 
 {¶ 17} Former R.C. 2933.41 provides:
 (A) (1) Any property, other than contraband that is subject to the provisions of section 2913.34
or 2933.43 of the Revised Code, other than property that is subject to section 3719.141
[3719.14.1] of the Revised Code, other than property that is forfeited under sections 2923.44
to 2923.47 or 2925.41 to 2925.45 of the Revised Code, * * * and other than property that has been lawfully seized in relation to a violation of section 2923.32 of the Revised Code, that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited, and that is in the custody of a law enforcement agency shall be kept safely pending the time it no longer is needed as evidence and shall be disposed of pursuant to this section. * * *
 * * *
 (B) A law enforcement agency that has property in its possession that is required to be disposed of pursuant to this section shall make a reasonable effort to locate the persons entitled to possession of the property in its custody, to notify them of when and where it may be claimed, and to return the property to them at the earliest possible time. In the absence of evidence identifying persons entitled to possession, it is sufficient notice to advertise in a newspaper of general circulation in the county, briefly describing the nature of the property in custody and inviting persons to view and establish their right to it.
 (C) A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:
 (1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 (2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property. *Page 10 
 (D) Unclaimed or forfeited property in the custody of a law enforcement agency, other than contraband that is subject to the provisions of section 2913.34 or 2933.43 of the Revised Code, other than property forfeited under sections 2923.44 to 2923.47 or 2925.41 to 2925.45 of the Revised Code, and other than property that has been lawfully seized in relation to a violation of section 2923.32 of the Revised Code, shall be disposed of on application to and order of any court of record that has territorial jurisdiction over the political subdivision in which the law enforcement agency has jurisdiction to engage in law enforcement activities * * *
 {¶ 18} Thus, according to the above, law enforcement is required to make reasonable efforts to locate the persons entitled to possession of the property. "[W]hen stolen property is recovered, the actual property itself is returned to the rightful owner, not to the convicted offender who possessed it at the time of the arrest." State v. Hoover, Wood App. No. WD-04-051, 2005-Ohio-3862, at ¶ 13.
 {¶ 19} Appellant does not assert he legally owned or was entitled to possess the property. Further, a jury determined based on evidence presented at trial that the items seized from VIP were stolen property. On direct appeal, this court affirmed appellant's convictions noting the overwhelming evidence that the items seized were stolen and that appellant knew or should have known they were stolen. Therefore, the items appellant now seeks to have returned to him were not personal property, but rather were stolen property. Consequently, it is clear that appellant has no rights to the stolen property in this case, and thus the trial court did not err in denying his motion for return of property. See, id. See, also, State v. Kiraly (Aug. 31, 1989), Cuyahoga App. No. 55823.
 {¶ 20} Accordingly, we overrule appellant's fifth, sixth, and seventh assignments of error. *Page 11 {¶ 21} For the foregoing reasons, appellant's seven assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN, J., concurs.
BRYANT, J., concurring separately.
[1] Columbus Police Detective Clyde Schulze noticed that a large number of appellant's purchases were brand new items still in sealed boxes. Detective. Schulze discovered that 85-90% of the items appellant had listed for sale on the E-bay Internet site were also new in-box items. After purchasing items from an undercover officer who was on the "hot list" identifying him as an individual with a criminal background from whom appellant was not permitted to buy goods, and because of the large number of new items in boxes, a search warrant was obtained to recover new in-box property.