OPINION
{¶ 1} Defendant-appellant, Thomas Edmisten ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in which the court denied his petition for post-conviction relief.
 {¶ 2} On March 8, 2004, appellant pled guilty to one count of burglary, a felony in the second degree, and one count of aggravated arson, a felony of the first degree. Appellant was sentenced to two years' imprisonment for the burglary conviction and four *Page 2 
years' imprisonment for the arson conviction; all terms to be served consecutively. Appellant did not file a direct appeal.
 {¶ 3} On September 4, 2007, appellant filed a motion seeking to vacate his sentence. Therein, he alleged that he should be resentenced to concurrent sentences pursuant to State v. Foster, 109 Ohio St.3d. 1,2006-Ohio-856, certiorari denied (2006), 127 S.Ct. 442. On March 26, 2008, the trial court denied the petition on the basis that it was untimely. Appellant appeals the judgment of the trial court, and brings the following assignments of error for our review:
 [1] DEFENDANT'S SENTENCE IS UNCONSTITUTIONAL AND VOID UNDER LAW AS STATE V. FOSTER IS A SUBSTANTIVE RULING AND RETROACTIVE, DEFENDANT IS ENTITLED TO RESENTENCING.
 [2.] THE DEFENDANT'S COMMON LAW MOTION SHOWED SUBSTANTIAL GROUNDS TO REQUIRE RELIEF AS DEFENDANT'S SENTENCE WAS BOTH; (A) CONTRARY TO LAW AND (B) A DUE PROCESS VIOLATION AND UNCONSTITUTIONAL.
 {¶ 4} Appellant's two assignments of error are interrelated and will therefore be addressed together. "[W]here a criminal defendant, subsequent to his direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated, such a motion is deemed a petition for post-conviction relief." State v. Hall, Franklin App. No. 05AP-957, 2006-Ohio-2742, motion denied by, 111 Ohio St.3d 1429, 2006-Ohio-5351, at ¶ 8, citingState v. Reynolds (1997), 79 Ohio St.3d 158, 160. R.C. 2953.21(A)(2) provides that if no direct appeal is taken, a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal." *Page 3 
 {¶ 5} After sentencing and well beyond the time to file a direct appeal expired, appellant filed the instant petition. Construed as a petition for post-conviction relief, appellant's motion is untimely. R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless the exceptions for filing an untimely petition under R.C. 2953.23(A) are met. Appellant meets none of the exceptions for filing an untimely petition pursuant to R.C. 2953.23(A), therefore, the trial court lacked jurisdiction to consider appellant's motion as a petition for post-conviction relief.
 {¶ 6} As is relevant here, R.C. 2953.23(A) provides that a court may not entertain an untimely petition unless the petitioner demonstrates both of the following: (1) that subsequent to the period prescribed in R.C. 2953.21(A)(2), the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in appellant's situation, and the petition asserts a claim based on that right; and (2) by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found appellant guilty of the offenses for which he was convicted.State v. I'Juju, Franklin App. No. 06AP-452, 2006-Ohio-6436. Unless these criteria are satisfied, a trial court lacks jurisdiction to consider any petition filed more than 180 days after the time for filing. State v. Smith, Franklin App. No. 06AP-923, 2007-Ohio-2334, at ¶ 7, citing State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524.
 {¶ 7} The Supreme Court of Ohio's decision in Foster was an application of the decision rendered by the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. By its express terms, the decision in Foster only applied to cases that were pending on direct appeal at the time the decision was issued. We have *Page 4 
repeatedly held that neither Blakely nor Foster recognized a new state or federal right that would apply retroactively. State v. Martin, Franklin App. No. 06AP-797, 2007-Ohio-1843; State v. Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649. Thus, appellant's petition was not filed timely in accordance with R.C. 2953.21, and did not establish grounds for untimely filing pursuant to R.C. 2953.23. Consequently, the trial court had no jurisdiction to consider appellant's petition, and dismissal without further hearing was appropriate.
 {¶ 8} Further, even if appellant's petition had been timely filed, we find no merit to appellant's claim that the trial court's imposed sentence violated his constitutional rights. After Foster, trial courts have the discretion to impose any sentence, including consecutive, within the statutorily authorized sentencing range, and are no longer required to make any findings to justify the sentence imposed. In this case, the sentence imposed by the trial court fell within the range provided by statute, and the fact the trial court stated its reasoning for imposing said sentence did not violate appellant's rights. See, e.g., State v. Goggans, Delaware App. No. 2006-CA-07-0051,2007-Ohio-1433, at ¶ 24 ("The trial court was not required to find any additional fact in order to impose this sentence. The court could have imposed the maximum sentence without making any statement on the record. The fact that the trial judge explained his reasons for imposing the maximum sentence on the record cannot transform a sentence within therange provided by statute into a constitutionally infirm sentence on the grounds that the statements constitute impermissible `judicial fact-finding.'") (Emphasis sic.) *Page 5 
 {¶ 9} Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
FRENCH and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1