DECISION
{¶ 1} Defendant-appellant, George W. Jones, appeals from a judgment of the Franklin County Court of Common Pleas denying defendant's motions to vacate indictment and for new trial. Because the trial court properly denied defendant's motions, we affirm. *Page 2 
I. Procedural History {¶ 2} The facts underlying defendant's appeal are not disputed. By indictment filed in 1991, defendant was charged with one count of aggravated murder with a death penalty specification and one count of aggravated robbery. Through a second indictment, defendant was charged with one count each of aggravated robbery and robbery. The two cases were consolidated for a jury trial, and defendant was found guilty on all counts.
 {¶ 3} Defendant was sentenced to serve life with the possibility of parole after 30 years, consecutive to a term of actual incarceration on the firearm specifications. The trial court consolidated the robbery conviction with the aggravated robbery under the second indictment and sentenced defendant to two concurrent terms of 10 to 25 years on the two counts of aggravated robbery from the first and second indictments.
 {¶ 4} Defendant appealed, and this court affirmed. State v. Jones
(Dec. 22, 1994), Franklin App. No. 94APA04-457. On May 9, 2008, defendant filed motions to vacate indictment and for a new trial in the common pleas court. Following the state's response to defendant's motion, the court issued a decision and entry on June 16, 2008 denying defendant's motions. Defendant appeals, assigning two errors:
 Assignment of Error No. I:
 The trial court erred by applying a procedure to deny the motion to vacate a fatally defective indictment.
 Assignment of Error No. II:
 Defendant's indictment was constitutionally insufficient to charge the offense of robbery and aggravated robbery, therefore the trial court lacked subject matter jurisdiction and the judgment of conviction is void. *Page 3 
II. Assignments of Error {¶ 5} Because defendant's assignments of error are interrelated, we address them jointly. Together they contend the trial court should have granted defendant's motion to vacate and motion for a new trial because his indictment was fatally defective under the Supreme Court of Ohio's recent decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624
("Colon I").
A. Motion to Vacate
 {¶ 6} Defendant's motion to vacate, also referred to as a petition for post-conviction relief pursuant to R.C. 2953.21, is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record." State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. R.C. 2953.21 affords a prisoner post-conviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." State v. Perry (1967),10 Ohio St.2d 175, paragraph four of the syllabus. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32; Murphy, supra.
 {¶ 7} Effective September 21, 1995, R.C. 2953.21 was amended to require that a petition under R.C. 2953.21(A) be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the *Page 4 
judgment of conviction or adjudication." R.C. 2953.21(A)(2). Although defendant was sentenced prior to the effective date of amended R.C. 2953.21, the legislature, in the uncodified law set forth in 1995 S.B. No. 4, Section 3, specified that "a person who seeks post-conviction relief" under R.C. 2953.21 through 2953.23 "with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required" in R.C. 2953.21(A)(2), "as amended by this act, or within one year from the effective date of this act, whichever is later."
 {¶ 8} Defendant's judgment entry of conviction was filed on March 4, 1994. Pursuant to the uncodified law set forth in 1995 S.B. No. 4, Section 3, defendant was required to file his motion, or petition, within one year of the effective date of the act. Because defendant filed his motion on May 9, 2008, it is untimely, leaving the court without jurisdiction to consider it. State v. Rippey, Franklin App. No. 06AP-1229, 2007-Ohio-4521; State v. Robinson, Franklin App. No. 06AP-368, 2006-Ohio-6649; State v. Hayden (Dec. 6, 2001), Franklin App. No. 01AP-728 (concluding the trial court lacked jurisdiction over defendant's post-conviction relief petition where, even though defendant was convicted before the effective date of the statute, he failed to file his petition within one year of the amended statute's effective date).
 {¶ 9} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless defendant initially demonstrates either (1) he is unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation, and defendant relies on that right. R.C. 2953.23(A)(1)(a). If defendant were able to satisfy one of those two conditions, R.C. 2953.23(A) requires he *Page 5 
also demonstrate that but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b). Defendant apparently attempts to circumvent the untimeliness of his petition by pointing to the Supreme Court of Ohio's opinion in Colon I and suggesting it creates a new right that applies to his situation.
 {¶ 10} Apart from any other difficulties defendant may have in attempting to fall within the provisions of R.C. 2953.23(A) that address whether the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation, he cannot meet the retroactivity requirement. In State v.Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 ("Colon II"), the Supreme Court reconsidered Colon I and specifically stated that its decision inColon I set forth a holding that "is only prospective in nature"; it therefore does not apply retroactively. Colon II, at ¶ 3. Accordingly, the common pleas court was without jurisdiction to consider defendant's motion to vacate.
B. Motion for New Trial
 {¶ 11} Crim. R. 33 governs motions for new trial and sets forth the grounds for securing a new trial. See Crim. R. 33(A). None of the grounds specifically addresses a subsequent Supreme Court case setting forth a new constitutional principal, rule or right. While Crim. R. 33(A)(5) provides that an error of law occurring at the trial is a basis for granting a new trial, the case law applying that provision, in accordance with the language of the provision, typically deals with erroneous rulings while the case was pending in the trial court. See, e.g., State v. Cherukuri (1992), 79 Ohio App.3d 228 (concluding *Page 6 
defendant not entitled to new trial because defendant failed to object to the allegedly inadmissible evidence).
 {¶ 12} Even if defendant could bring his motion within the parameters of Crim. R. 33(A), Crim. R. 33(B) specifies the time limit for filing a motion for new trial. According to Crim. R. 33(B), application for a new trial is to be made by motion "filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."
 {¶ 13} Defendant did not file his motion within 14 days after the verdict in his case was rendered; nor did defendant seek a trial court ruling that defendant was unavoidably prevented from filing a motion within the time parameters set forth in the rule. As a result, defendant's motion for new trial fails to comply with the requirements of Crim. R. 33. The trial court thus did not err in denying the motion.
C. Colon I
 {¶ 14} Even had defendant met the procedural requirements of Crim. R. 33(B), the trial court nonetheless properly denied his motion.
 {¶ 15} Defendant's motion seeking to apply Colon I to his case fails because the Supreme Court of Ohio in Colon II made clear that its decision in Colon I applies only prospectively. As the Supreme Court explained in Colon II, to apply Colon I prospectively is "in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively." Id. at ¶ 3. As a result, "the *Page 7 
new rule applie[s] to the cases pending on the announcement date" ofColon I. Id., quoting State v. Evans (1972), 32 Ohio St.2d 185, 186. "The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." Id. at ¶ 4, quoting Ali v. State,104 Ohio St.3d 328, 2004-Ohio-6592, at ¶ 6.
 {¶ 16} Defendant's case became final at the latest in 1995. SeeJones, supra, appeal not allowed (1995), 72 Ohio St.3d 1421, certiorari denied by Jones v. Ohio (1995), 516 U.S. 894, 116 S.Ct. 246. Because his judgment was final long before Colon I was announced, Colon I does not apply to defendant's conviction.
 {¶ 17} For the foregoing reasons, defendant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BROWN and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1