[Cite as *State v. Golden*, 2014-Ohio-2148.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

       Plaintiff-Appellee,                 :                    No.  13AP-927
                                         (C.P.C. No. 00CR-4404)
v.                                               :

                                            (REGULAR CALENDAR)
Travis Golden,                                   :

       Defendant-Appellant.               :

---

D E C I S I O N

Rendered on May 20, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for
appellee.

*Travis Golden*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Defendant-appellant, Travis Golden, appeals from an entry of the Franklin
County Court of Common Pleas denying his motion for a new trial.  Because the trial court
did not err in denying appellant's motion for a new trial, we affirm.

**I. Facts and Procedural History**

{¶ 2}  In February 2001, appellant was convicted, pursuant to a jury verdict, of
one count of murder with a firearm specification and one count of improperly discharging
a firearm into a habitation or school with a firearm specification for the June 29, 2000
shooting death of Erskine James Hamber.  In a February 26, 2001 judgment entry the
trial court sentenced appellant to a total of 21 years to life in prison.  Appellant appealed,
and this court affirmed the judgment in *State v. Golden*, 10th Dist. No. 01AP-367, 2001-
Ohio-8769.  Appellant subsequently filed an application to reopen his appeal pursuant to

App.R. 26(B), and this court denied appellant's application in *State v. Golden*, 10th Dist. No. 01AP-367 (Dec. 10, 2002) (memorandum decision).   This court also denied appellant's motion for reconsideration of the denial of his application to reopen his appeal in *State v. Golden*, 10th Dist. No. 01AP-367 (Mar. 4, 2003) (memorandum decision).

{¶ 3}   On July 6, 2009, appellant filed a motion for leave to file an untimely motion for new trial under Crim.R. 33(B), or, in the alternative, a petition for postconviction relief under R.C. 2953.21.   Appellant alleged he had newly discovered evidence showing prosecutorial misconduct.  The trial court denied appellant's request for leave on the basis that appellant had not shown he was unavoidably prevented from discovering the alleged newly discovered evidence before the expiration of the time limits set forth in Crim.R. 33(B).   The trial court also dismissed appellant's petition for postconviction relief as untimely.  Appellant appealed the denial of his motion for leave to file a motion for new trial and the dismissal of his petition for postconviction relief, and this court affirmed in *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438.

{¶ 4}   On September 4, 2013, appellant filed a motion for a new trial on the basis of newly discovered evidence.  In his motion, appellant asserted  Keith Alexander signed an affidavit stating that another inmate at the county jail, Lee Gill, approached Alexander to inquire whether he would be interested in testifying against appellant in exchange for a lighter sentence.   According to appellant, the Alexander affidavit is newly discovered evidence sufficient to warrant a new trial.   In an October 3, 2013 entry, the trial court denied appellant's motion for new trial because appellant did not seek leave to file a delayed motion for new trial as required by Crim.R. 33.  Appellant timely appeals.

## II. Assignments of Error

{¶ 5}   On appeal, appellant assigns the following two assignments of error for our review:

> [1.] The trial court abused its discretion when it enforced R.C. Crim.R. 33(B), a state statutory requirement, although it clearly conflicts with the defendant's substantial constitutional right(s) guaranteed by the United States Constitutions 6th and / or 14th Amendments.
>
> [2.] The trial court abused its discretion when it denied the defendant's motion for a new trial — because that deprived the defendant of his substantial constitutional right(s) to

Compulsory Process and/or the Due-process Clause; guaranteed by the United States Constitutions 6th and / or 14th Amendments.

Because appellant's assignments of error are interrelated, we address them jointly.

## III. Discussion – Crim.R. 33 Motion for New Trial

{¶ 6}   Appellant's assignments of error assert the trial court improperly overruled appellant's motion for a new trial.

{¶ 7}   The decision of whether to grant a new trial pursuant to a Crim.R. 33 rests within the sound discretion of the trial court. *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. An appellate court reviews a trial court's determination of a Crim.R. 33 motion for an abuse of discretion. *Id.*; *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 8. An abuse of discretion implies the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8}   A trial court may grant a new trial under Crim.R. 33(A)(6) "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." The language of Crim.R. 33 makes it clear that a trial court should not grant a new trial " 'unless it affirmatively appears from the record that a defendant was prejudiced by one of the grounds stated in the rule, or was thereby prevented from having a fair trial.' " *State v. Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 41, quoting *Columbus v. Carroll*, 10th Dist. No. 96APC01-90 (Aug. 27, 1996), citing Crim.R. 33(E).

{¶ 9}   The rule further provides a time limit in which defendant has to file the motion. "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered." Crim.R. 33(B). Further, "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B). Thus, where a defendant seeks to file a motion for new trial beyond the 120-day time limit, Crim.R. 33(B) requires the defendant to first

obtain leave before seeking a new trial. *State v. Graggs*, 10th Dist. No. 13AP-852, 2014-Ohio-1195, ¶ 5.

{¶ 10} Here, the jury rendered its verdict of appellant's conviction in February 2001. Appellant filed his motion for new trial on September 4, 2013, more than 12 years after the jury returned its verdict and well outside the 120-day timeframe of Crim.R. 33(B). A trial court does not abuse its discretion in denying a motion for new trial filed outside the Crim.R. 33(B) timeframe where the defendant does not first seek leave to file the motion. *Salinas* at ¶ 45-46; *State v. Ingram*, 10th Dist. No. 08AP-937, 2009-Ohio-2755, ¶ 16-17; *State v. Jones*, 10th Dist. No. 08AP-551, 2008-Ohio-6515, ¶ 13. Thus, because appellant did not seek leave to file his motion for new trial, the trial court did not abuse its discretion in denying the motion.

{¶ 11} We also note that to the extent appellant argues Crim.R. 33(B) is unconstitutional because the time limits contained therein prevent him from presenting evidence favorable to his alleged innocence, appellant did not raise that issue in the trial court. Failure to raise the issue of the constitutionality of a statute or its application at the trial court level generally constitutes waiver of that issue and need not be heard for the first time on appeal. *State v. Adams*, 10th Dist. No. 12AP-83, 2012-Ohio-5088, ¶ 43, citing *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus, holding limited by *In re M.D.*, 38 Ohio St.3d 149 (1988).

## IV. Conclusion

{¶ 12} For the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and O'GRADY, JJ., concur

_____