[Cite as *State v. Moore*, 2016-Ohio-1473.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2015-CA-70 |
| | : | |
| v. | : | T.C. NO. 06CR1487 |
| | : | |
| MICHAEL MOORE | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___8th___ day of _____April_____, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 1886 Brock Road N.E., Bloomingburg, Ohio 43106
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Michael Moore appeals from a judgment of the Clark County Court of Common Pleas, which overruled his motion for "further proceedings."

{¶ 2} In 2007, Moore was found guilty by a jury of two counts of murder, with

firearm specifications, and one count of having a weapon while under disability. We affirmed his conviction on appeal. *State v. Moore*, 2d Dist. Clark No. 2007 CA 40, 2008-Ohio-2577. On March 25, 2014, Moore filed a petition for post-conviction relief alleging ineffective assistance of counsel in the investigation and handling of his case. The trial court denied the petition on April 18, 2014, and we affirmed this judgment in February 2015. *State v. Moore*, 2d Dist. Clark No. 2014-CA-66, 2015-Ohio-550.

{¶ 3} On April 21, 2015, Moore filed a "Motion for Further Proceedings"; specifically, he sought "further proceedings in his motion for new trial filed March 25, 2014." The "motion for further proceedings" acknowledged that Moore's petition for postconviction relief had been overruled, but asserted that his motion for a new trial was "a separate motion" on which no action had been taken. The record does not include a response from the State to Moore's "motion for further proceedings." Nonetheless, the trial court filed a one-sentence entry overruling the motion for "the reasoning as set forth in the State's response." Moore now appeals from the denial of his motion for further proceedings.

{¶ 4} The docket of the case and the record before us do not include a motion for new trial. However, at oral argument, Moore's attorney produced a file-stamped copy of a Motion for New Trial, dated March 25, 2014, and which contained the correct case number. The State's attorney indicated that he had never seen the motion, and the trial court's terse judgment in response to the motion for further proceedings does not make clear that it had seen the motion for new trial. Under these unusual circumstances, and with the agreement of the parties, we will remand this matter to the trial court for it to consider whether to add the March 25, 2014 motion for new trial to the record, and then,

if appropriate, to consider and rule on the motion.

**{¶ 5}** The judgment of the trial court will be reversed, and this matter will be remanded for further proceedings.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
George A. Katchmer
Hon. Douglas M. Rastatter