[Cite as *State v. Moore*, 2017-Ohio-984.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2016-CA-35 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-1487 |
| | : | |
| MICHAEL MOORE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of March, 2017.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 1886 Brock Road N.E., Bloomingburg, Ohio 43106
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

**{¶ 1}** Michael Moore appeals from the trial court's denial of his Crim.R. 33(B) motion for a new trial.

**{¶ 2}** In his sole assignment of error, Moore contends the trial court erred in denying his motion without holding an evidentiary hearing.

**{¶ 3}** The record reflects that Moore was convicted and sentenced in 2007 on charges of murder with a firearm specification and having a weapon while under disability. This court affirmed on direct appeal, rejecting a challenge to the manifest weight of the evidence presented at trial. *See State v. Moore*, 2d Dist. Clark No. 2007-CA-40, 2008-Ohio-2577. Moore subsequently moved for post-conviction relief in March 2014, alleging ineffective assistance of trial counsel. The trial court denied the petition without a hearing, and this court affirmed. *See State v. Moore*, 2d Dist. Clark No. 2014-CA-66, 2015-Ohio-550. Thereafter, in April 2015, Moore filed a "motion for further proceedings" in the trial court. In particular, he sought a ruling on a motion for a new trial that he claimed to have filed in March 2014 along with his post-conviction relief petition. The trial court summarily overruled the motion for further proceedings. On appeal, this court reversed and remanded, reasoning:

> The docket of the case and the record before us do not include a motion for new trial. However, at oral argument, Moore's attorney produced a file-stamped copy of a Motion for New Trial, dated March 25, 2014, and which contained the correct case number. The State's attorney indicated that he had never seen the motion, and the trial court's terse judgment in response to the motion for further proceedings does not make clear that it

had seen the motion for new trial. Under these unusual circumstances, and with the agreement of the parties, we will remand this matter to the trial court for it to consider whether to add the March 25, 2014 motion for new trial to the record, and then, if appropriate, to consider and rule on the motion.

*State v. Moore*, 2d Dist. Clark No. 2015-CA-70, 2016-Ohio-1473, ¶ 4.

{¶ 4} On remand, the trial court considered and ruled on the new-trial motion *without* adding it to the record. (Doc. #48). In a May 17, 2016 entry, the trial court reasoned:

> * * * Defendant has failed to meet his burden with the evidence presented in the affidavits attached to his motion because his motion is untimely, failed to show that there is a strong probability that the result of a new trial would be different, the information could have been discovered previously and the evidence merely attempts to impeach or contradict former evidence against him. THEREFORE, Defendant has failed to present any new credible evidence and his motion for a new trial is DENIED.

(*Id.*).

{¶ 5} On appeal, Moore contends the trial court erred in denying his new-trial motion without holding an evidentiary hearing. In support, he cites affidavits purportedly establishing that eyewitnesses gave perjured trial testimony. He argues that these affidavits constitute new evidence that reasonably could not have been discovered sooner and that the affidavits necessitated an evidentiary hearing. In response, the State asserts that Moore's new-trial motion relies on the same affidavits that supported his failed post-conviction relief petition. The State claims that the affidavits neither explain Moore's

lengthy delay in seeking a new trial nor establish that he was prevented from discovering the information they contain sooner. The State also asserts that the affidavits fail to establish a strong probability of a different result if a new trial were granted. Finally, the State contends the affidavits merely attempt to impeach or contradict the evidence against Moore.

{¶ 6} Upon review, we note that the record still does not include a copy of the new-trial motion at issue. Following our most recent remand, the motion was not preserved as part of the record, despite our observation that the motion was missing. We recognize that perhaps our remand was unclear. When we said "we will remand this matter to the trial court for it to consider whether to add the March 25, 2014 motion for new trial to the record, and then, if appropriate, to consider and rule on the motion," our intention was to allow the trial court, in the first instance, to determine whether the file-stamped copy of the motion shown to us at argument was in fact filed but inadvertently not docketed in the clerk's office and not included in the case file. Upon that determination, we expected the record to reflect that either the motion was or was not in fact properly filed. In either event the trial court should have preserved a copy of the purported motion so the record would reflect what the court was ruling upon. At this juncture, it is apparent to us that the trial court did conclude that the motion had been properly filed because the trial court considered and overruled the motion. However, the motion is still not before us because the trial court has not preserved it as part of the record. We are now left being completely unable to review the motion and its supporting affidavits, which we do not possess, and we cannot determine whether the motion was timely or whether an evidentiary hearing was required. Because the trial ruled without adding the motion to the record, we have

nothing to review. Consequently, we will remand the matter to the trial court with instructions to make the March 25, 2014 new-trial motion part of the record. For present purposes, we will vacate the trial court's May 17, 2016 entry, which purports to overrule a motion that does not exist in the record. Once the trial court makes the new-trial motion part of the record, it may reissue its entry if it deems such action appropriate.

{¶ 7} Based on the reasoning set forth above, the trial court's May 17, 2016 entry overruling a motion that does not exist in the record is hereby vacated, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Megan M. Farley
George A. Katchmer
Hon. Douglas M. Rastatter