[Cite as *State v. Moore*, **2018-Ohio-318.**]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-49 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-1487 |
| | : | |
| MICHAEL MOORE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of January, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 1886 Brock Road N.E., Bloomingburg, Ohio 43106
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

**{¶ 1}** Defendant-appellant, Michael Moore, appeals from the decision of the Clark County Court of Common Pleas overruling his motion for new trial. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

**{¶ 2}** On May 2, 2007, a jury found Moore guilty of two counts of murder, with firearm specifications, and one count of having a weapon while under disability. We affirmed Moore's conviction on direct appeal, rejecting a challenge to the manifest weight of the evidence presented at trial. *State v. Moore*, 2d Dist. Clark No. 2007-CA-40, 2008-Ohio-2577.

**{¶ 3}** Almost seven years later, on March 25, 2014, Moore filed a petition for post-conviction relief alleging ineffective assistance of counsel in the investigation and handling of his case. The trial court denied Moore's petition on April 18, 2014, and we affirmed this judgment in February 2015. *State v. Moore*, 2d Dist. Clark No. 2014-CA-66, 2015-Ohio-550.

**{¶ 4}** Following our decision affirming the denial of Moore's petition for post-conviction relief, on April 21, 2015, Moore filed a "motion for further proceedings." As part of this motion, Moore sought a ruling on a motion for new trial that he claimed to have filed with the trial court on March 25, 2014. The trial court summarily overruled Moore's "motion for further proceedings" and Moore appealed.

**{¶ 5}** On appeal, we reversed and remanded the matter to the trial court based on the following reasoning:

The docket of the case and the record before us do not include a motion for new trial. However, at oral argument, Moore's attorney produced a file-stamped copy of a Motion for New Trial, dated March 25, 2014, and which contained the correct case number. The State's attorney indicated that he had never seen the motion, and the trial court's terse judgment in response to the motion for further proceedings does not make clear that it had seen the motion for new trial. Under these unusual circumstances, and with the agreement of the parties, we will remand this matter to the trial court for it to consider whether to add the March 25, 2014 motion for new trial to the record, and then, if appropriate, to consider and rule on the motion.

*State v. Moore*, 2d Dist. Clark No. 2015-CA-70, 2016-Ohio-1473, ¶ 14.

{¶ 6} On remand, the trial court considered and denied Moore's motion for new trial without adding either the motion or its supporting affidavits to the record. In denying the motion, the trial court provided the following reasoning:

Defendant has failed to meet his burden with the evidence presented in the affidavits attached to his motion because his motion is untimely, failed to show that there is a strong probability that the result of a new trial would be different, the information could have been discovered previously and the evidence merely attempts to impeach or contradict former evidence against him. THEREFORE, Defendant has failed to present any new credible evidence and his motion for a new trial is DENIED.

Entry (May 17, 2016), Clark County Court of Common Pleas Case No. 2006-CR-1487, Docket No. 49.

{¶ 7} Moore appealed from the denial of his motion for new trial, arguing that the trial court erred in denying the motion without holding an evidentiary hearing. On appeal, we found that the trial court must have concluded that the motion for new trial was properly filed since the trial court ruled on the motion. However, because the record still did not include a copy of the motion and its supporting affidavits, we held that we were unable to review the motion to determine whether an evidentiary hearing was required. Therefore, because we had nothing to review, we once again remanded the matter back to the trial court with instructions to make the motion for new trial part of the record. As part of this decision, we also vacated the trial court's May 17, 2016 entry that purported to overrule the motion, which did not exist in the record, and further advised that once the trial court makes the motion part of the record, it could reissue its entry denying the motion if it deemed such an action appropriate. *State v. Moore*, 2d Dist. Clark No. 2016-CA-35, 2017-Ohio-984, ¶ 6.

{¶ 8} On remand, the trial court issued an order on March 24, 2017, directing the Clark County Clerk of Court to make Moore's motion for new trial part of the record. The motion was thereafter made part of the record and considered by the trial court.

{¶ 9} In his motion for new trial, Moore moved the trial court to vacate his conviction and grant him a new trial pursuant to Crim.R. 33(A)(6) on grounds of newly discovered evidence. Moore also requested the trial court to hold an evidentiary hearing on the matter. The newly discovered evidence advanced by Moore was an alleged statement made by Omari Kittrell after Moore's trial. Kittrell is one of two eyewitnesses who testified to seeing Moore shoot the victim in the face at close range outside a bar in Springfield, Ohio. Moore's motion and two of his supporting affidavits allege that Kittrell told Moore's

friend, Keenan Brown, that he had lied at trial when he testified about seeing Moore shoot the victim.   Moore's motion includes affidavits from himself and Brown, as well as Moore's mother, stepfather, girlfriend, and an individual who was allegedly at the Springfield bar at the time of the shooting.

{¶ 10} On April 28, 2017, the trial court issued an entry indicating that a copy of Moore's March 25, 2014 motion for new trial had been made part of the record and that the motion was overruled.   In overruling the motion, the trial court did not reiterate the reasons it had set forth in its prior vacated entry of May 17, 2016.   Instead, the trial court merely stated the following: "Upon consideration of the defendant's motion for a new trial, the affidavits attached thereto, the State's written response, and the law, said motion is hereby OVERRULED."   Entry (April 28, 2017), Clark County Court of Common Pleas Case No. 2006-CR-1487, Docket No. 55.

{¶ 11} Moore now appeals from the trial court's decision overruling his motion for new trial, raising a single assignment of error for review.

**Assignment of Error**

{¶ 12} Moore's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN FAILING TO ORDER A HEARING ON APPELLANT'S MOTION FOR NEW TRIAL.

{¶ 13} Under his single assignment of error, Moore contends that the trial court erred in overruling his Crim.R. 33 motion for new trial without first holding an evidentiary hearing on the matter.   We disagree.

{¶ 14} Whether a motion for new trial and the material submitted with the motion

warrant an evidentiary hearing is within the sound discretion of the trial court. *State v. Clark*, 2d Dist. Montgomery No. 17839, 2000 WL 1726851, *2 (Nov. 22, 2000), citing *State v. Prichard*, 1st Dist. Hamilton No. C-990148, 1999 WL 1100139, *3 (Nov. 26, 1999) and *State v. Hill*, 64 Ohio St.3d 313, 333, 595 N.E.2d 884 (1992). Therefore, "[a] trial court's decision on a Crim.R. 33 motion for a new trial will not be reversed absent an abuse of discretion." *State v. Gillispie*, 2d Dist. Montgomery No. 24456, 2012-Ohio-1656, ¶ 31, citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus; *State v. Matthews*, 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 15}** As previously noted, Moore's motion for new trial is based on Crim.R. 33(A)(6), which provides that a trial court may grant a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." There is a specific time limit in which a motion for new trial based on newly discovered evidence must be filed. Pursuant to Crim.R. 33(B): "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived."

**{¶ 16}** In order to file a motion for new trial beyond the 120-day time limitation specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a delayed motion. *State v. Lanier*, 2d Dist. Clark No. 2009-CA-84, 2010-Ohio-2921, ¶ 15, citing *State v. Warwick*, 2d Dist. Champaign No. 01CA33, 2002 WL 1585663, *2 (July 19,

2002); *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.). "A trial court does not abuse its discretion in denying a motion for new trial filed outside the Crim.R. 33(B) timeframe where the defendant does not first seek leave to file the motion." (Citations omitted.) *State v. Golden*, 10th Dist. Franklin No. 13AP-927, 2014-Ohio-2148, ¶ 10. *Accord State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092, ¶ 29.

{¶ 17} To obtain leave to file a delayed motion for new trial, the defendant "must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)." (Citations omitted.) *Warwick* at *2. "If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion [for new trial] shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B).

{¶ 18} "The reference to 'clear and convincing proof' means something more than bare allegations or statements in a motion." *State v. Morris*, 2d Dist. Montgomery No. 26949, 2017-Ohio-1196, ¶19. "A defendant is entitled to a hearing on a motion for leave to seek a new trial if he submits documents that on their face support his claim of being unavoidably prevented from meeting Crim.R. 33's time requirement." *State v. Hiler*, 2d Dist. Montgomery No. 27364, 2017-Ohio-7636, ¶ 12, citing *Lanier* at ¶ 16. If a defendant fails to submit documentation in support of his allegation of unavoidable delay, it is appropriate for the trial court to deny the defendant leave to file an untimely motion for

new trial. *See Morris* at ¶ 19.

{¶ 19} Although the trial court did not provide its reasoning for overruling Moore's motion for new trial, under the specific circumstances of this case, we find that such a decision was not an abuse of discretion. It is clear from the record that Moore's motion for new trial was untimely, as it was filed almost seven years after a jury found him guilty, yet Moore never requested leave to file the motion out of time. In other words, Moore filed his motion for new trial without properly moving the trial court to make a determination on whether he was unavoidably prevented from timely filing his motion. The trial court could have reasonably overruled Moore's motion based on this procedural irregularity. *See Golden*, 10th Dist. Franklin No. 13AP-927, 2014-Ohio-2148 at ¶ 10; *Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092 at ¶ 29.

{¶ 20} Moore also failed to demonstrate by clear and convincing proof that he was unavoidably prevented from timely filing his motion for new trial. Moore's only reference to the delay in filing his motion is a vague allegation in the motion itself indicating that he had only recently learned of the evidence on which his motion was based; i.e., that Kittrell supposedly told Brown that he had testified falsely at Moore's trial. None of the supporting affidavits filed with Moore's motion specifically aver when Kittrell made this statement to Brown, nor do the supporting affidavits state when Moore allegedly learned of Kittrell's purported statement. Furthermore, none of the supporting affidavits even generally aver that Moore was unavoidably prevented from timely filing his motion for new trial as a result of the timing of Kittrell's alleged statement.

{¶ 21} As previously noted, the burden to demonstrate clear and convincing proof of unavoidable delay requires something more than bare allegations or statements in a

motion. *Morris*, 2d Dist. Montgomery No. 26949, 2017-Ohio-1196 at ¶ 19. Without more than the allegation in Moore's motion claiming that he just recently learned of Kittrell's statement to Brown, we find no abuse of discretion in the trial court's decision to overrule Moore's motion for new trial without a hearing.

**{¶ 22}** Moore's sole assignment of error is overruled.

## Conclusion

**{¶ 23}** Having overruled Moore's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew P. Pickering
George A. Katchmer
Hon. Douglas M. Rastatter