[Cite as *State v. Wells*, 2025-Ohio-2792.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | :    C.A. No. 2024-CA-82 |
|      Appellee | : |
| | :    Trial Court Case Nos. 22-CR-278; 22-CR-470 |
| v. | : |
| | : |
| DEREAL WELLS | :    (Criminal Appeal from Common Pleas Court) |
| | : |
|      Appellant | : |
| | :    **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 8, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____

ROBERT G. HANSEMAN, JUDGE

Epley, P.J., and Tucker, J., concur.

**OPINION**
CLARK C.A. No. 2024-CA-82

TRAVIS L. KANE, Attorney for Appellant
ROBERT C. LOGSDON, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Appellant Dereal Wells appeals from a judgment of the Clark County Court of Common Pleas, which overruled his Crim.R. 33 motion for a new trial based on newly discovered evidence of Wells's purported incompetence to stand trial. For the reasons outlined below, the judgment of the trial court is affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 2022, Wells was indicted for multiple offenses in two separate cases in the Clark County Court of Common Pleas. In Clark C.P. No. 2022-CR-470, Wells was indicted on two counts of domestic violence, one count of felonious assault, one count of attempted murder, one count of having weapons while under disability, one count of tampering with evidence, and three associated firearm specifications. In Clark C.P. No. 2022-CR-278, Wells was indicted on one count of trespass in a habitation when a person was present or likely to be present. At the State's request, the trial court consolidated Wells's two cases for trial. The matter then proceeded to a jury trial on August 1, 2023.

{¶ 3} On the second day of trial, Wells's defense counsel raised the issue of Wells's competency to stand trial. In raising the issue, counsel stated the following just before the State called its last witness:

I want the Court to know just less than 5 minutes ago my client informed me that he had discussions with his mother and that he is

receiving Social Security disability for mental retardation -- this is what he has related to me. I haven't been able to confirm that yet -- and bipolar disorder, Judge. So I felt the only thing I could do was bring that to the attention of the Court and ask the Court how we should proceed.

It would be our position that if, in fact, those are ailments that he does suffer from, that there may be a need to have his competency addressed. So I apologize for the untimeliness of this. We had no indication of it whatsoever prior to trial, and it was just brought up within the last five minutes.

*State v. Wells*, 2024-Ohio-4813, ¶ 18 (2d Dist.), quoting Trial Tr. p. 312-313.

**{¶ 4}** After considering counsel's statements, the trial court ruled that because Wells had been participating in his defense and showed no signs of incompetence during trial, Wells's trial would proceed without a competency hearing. Accordingly, Wells's trial went forward, and the jury found Wells guilty of all the indicted charges except for attempted murder. Thereafter, the trial court sentenced Wells to an aggregate term of 18 to 22 years in prison. Wells then appealed from his convictions in both cases.

**{¶ 5}** As part of his appeal, Wells argued that the trial court had abused its discretion by failing to order a competency evaluation. Upon review, this court found no abuse of discretion given that "[t]he record [was] devoid of any, let alone sufficient, indicia of incompetency before and during trial that might have compelled the trial court to order a competency evaluation." *Id.* at ¶ 23. Accordingly, on October 4, 2024, we issued an opinion overruling Wells's competency argument. In addition, we overruled all of the other arguments raised in Wells's appeal and affirmed his convictions in Case Nos. 2022-CR-470 and 2022-CR-278.

{¶ 6} While his appeal was pending, Wells filed a "Crim.R. 33 Motion to Vacate Conviction and Set New Trial" on March 6, 2024. In the motion, Wells argued that a new trial was warranted based on newly discovered evidence that was not available at the time of his August 2023 trial. The newly discovered evidence was a competency evaluation that concluded Wells was incompetent to stand trial in a separate Clark County case, i.e., Clark C.P. No. 2023-CR-160. Wells attached a copy of the competency evaluation to his Crim.R. 33 motion. The contents of the competency evaluation established that Wells had been evaluated on December 11, 2023, four months after Wells was convicted in Case Nos. 2022-CR-470 and 2022-CR-278. Wells argued that his defense counsel preserved the competency issue by raising it during his trial and that, pursuant to Crim.R. 33, the competency evaluation was newly discovered evidence that warranted holding a new trial.

{¶ 7} After we affirmed Wells's convictions, the trial court held a hearing on Wells's Crim.R. 33 motion on October 23, 2024. During the hearing, Wells presented the December 2023 competency evaluation as evidence. After considering the competency evaluation, the trial court overruled Wells's Crim.R. 33 motion. In overruling the motion, the trial court found that Wells's potential competency issues did not qualify as newly discoverable evidence under Crim.R. 33(A)(6) because they could have been discovered before trial through the exercise of due diligence. The trial court also indicated, albeit indirectly, that the competency evaluation did not establish that Wells was incompetent to stand trial at the time he was tried in August 2023, because the evaluation was conducted several months later. The trial court explained that there was "no evidence that would suggest that had the Court ordered a competency evaluation that the results would have been the same or that the Court would have found [Wells] incompetent to stand trial." Journal Entry Overruling Defendant's Motion to Vacate Conviction (Oct. 30, 2024). The trial court also acknowledged that the issue of

Wells's competency to stand trial had been raised on appeal, and this court had affirmed its decision not to order a competency evaluation.

{¶ 8} Wells now appeals from the trial court's decision overruling his Crim.R. 33 motion and raises a single assignment of error for review.

## Assignment of Error

{¶ 9} Under his assignment of error, Wells is seeking a reversal of the trial court's judgment overruling his Crim.R. 33 motion for a new trial on grounds that the trial court erroneously concluded that the new evidence establishing his incompetency to stand trial could have been discovered before trial through the exercise of due diligence. For the reasons outlined below, Wells's argument is not well taken.

### *Standard of Review*

{¶ 10} "A trial court's decision on a Crim.R. 33 motion for a new trial will not be reversed absent an abuse of discretion." *State v. Gillispie*, 2012-Ohio-1656, ¶ 31 (2d Dist.), citing *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus, and *State v. Matthews*, 81 Ohio St.3d 375, 378 (1998). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "An abuse of discretion most often involves an unreasonable decision that is not supported by a sound reasoning process." *State v. McHenry*, 2021-Ohio-3118, ¶ 16 (2d Dist.), citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

*Crim.R. 33*

**{¶ 11}** "Crim.R. 33(A)(6) permits a convicted defendant to file a motion for a new trial upon grounds that new evidence material to the defense has been discovered that the defendant could not with reasonable diligence have discovered and produced at the trial." *State v. Parker*, 2008-Ohio-5178, ¶ 15 (2d Dist.). "In such a motion, the defendant must establish that the new evidence '(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.' " *State v. Grad*, 2024-Ohio-5710, ¶ 38, quoting *State v. Petro*, 148 Ohio St. 505 (1947), syllabus.

**{¶ 12}** "Pursuant to Crim.R. 33(B): 'Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.' " *State v. Moore*, 2018-Ohio-318, ¶ 15 (2d Dist.), quoting Crim.R. 33(B). "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in [Crim.R. 33(B)], a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.' " *Parker* at ¶ 16, quoting *State v. Morgan*, 2006-Ohio-145, ¶ 7 (3d Dist.). " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Id*., quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist. 1984); *accord Grad* at ¶ 38.

{¶ 13} "If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion [for new trial] shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B). Thus, "Crim. R. 33(B) contemplates a bifurcated procedure: (1) a motion for leave to file a delayed motion for new trial supported by evidence demonstrating that the movant was unavoidably prevented from ascertaining the ground sought to be asserted by way of motion for new trial within fourteen days after the rendering of the verdict; and (2) if the motion be granted, the filing within seven days of the actual motion for new trial properly supported by affidavit demonstrating the existence of the grounds for the motion[.]" *Walden* at 146.

{¶ 14} " 'A trial court does not abuse its discretion in denying a motion for new trial filed outside the Crim.R. 33(B) timeframe where the defendant does not first seek leave to file the motion.' " *Moore* at ¶ 16, quoting *State v. Golden*, 2014-Ohio-2148, ¶ 10 (10th Dist.); *accord State v. Tucker*, 2011-Ohio-4092, ¶ 29 (8th Dist.).

*Analysis*

{¶ 15} As previously discussed, Wells's Crim.R. 33 motion for a new trial was based on newly discovered evidence, i.e., the results of the December 2023 competency evaluation. Because the motion was based on newly discovered evidence, it had to be filed within 120 days of Wells's guilty verdicts in Case Nos. 2022-CR-470 and 2022-CR-278. The record establishes that those verdicts were rendered on August 3, 2023, and that Wells filed his motion 216 days later on March 6, 2024. Therefore, Wells's motion was filed beyond the 120-day time limitation set forth in Crim.R. 33(B).

{¶ 16} Before filing his untimely Crim.R. 33 motion, Wells should have filed a motion for leave that provided clear and convincing proof showing that he was unavoidably prevented from filing his Crim.R. 33 motion in a timely fashion. Wells, however, did not file any such motion for leave or otherwise explain how he was unavoidably prevented from timely filing his Crim.R. 33 motion. Instead, Wells simply filed his Crim.R. 33 motion without requesting leave and thus failed to comply with the requirements of Crim.R. 33(B). On that basis alone, it was not an abuse of discretion for the trial court to overrule Wells's Crim.R. 33 motion. *See Moore* at ¶ 16; *Golden* at ¶ 10; *Tucker* at ¶ 29.

{¶ 17} That said, we recognize that the December 2023 competency evaluation on which Wells's Crim.R. 33 motion was based did not exist within 120 days of Wells's guilty verdicts. The record establishes that the competency evaluation was completed and sent to Wells's defense counsel on December 19, 2023, which was 138 days after Wells was found guilty. While Wells may have been unavoidably prevented from timely filing his Crim.R. 33 motion due to the timing of the competency evaluation, like the trial court, we find it significant that the competency evaluation was conducted several months after Wells was convicted in Case Nos. 2022-CR-470 and 2022-CR-278.

{¶ 18} A review of the competency evaluation reveals that it discussed Wells's mental condition as it was observed by the examiner on December 11, 2023. It also provided an opinion on Wells's "*current* capacity to understand the nature and the objective of legal proceedings against him" and "to assist in his defense." (Emphasis added.) Crim.R. 33 Motion to Vacate Conviction – Exhibit A. Therefore, the incompetency determination in the December 2023 competency evaluation only related to the timeframe of the evaluation. Because of this, the competency evaluation did not establish that Wells was incompetent to stand trial several months earlier when he was tried in August 2023.

**{¶ 19}** As a further matter, Wells's defense counsel advised the trial court that there was no indication of any competency issue prior to Wells's trial. When Wells's defense counsel eventually raised the competency issue during trial, the trial court specifically found that nothing had transpired that would support a finding that Wells was incompetent to stand trial. In Wells's direct appeal, we agreed with the trial court's finding in that regard and held that the trial court did not abuse its discretion by failing to hold a competency hearing because "[t]he record [was] devoid of any, let alone sufficient, indicia of incompetency before and during trial that might have compelled the trial court to order a competency evaluation." *Wells*, 2024-Ohio-4813, at ¶ 23 (2d Dist.).

**{¶ 20}** Because there was no indicia of incompetency during the timeframe in question, and because the competency evaluation that was the basis of Wells's Crim.R.33 motion was conducted several months after Wells's trial, we find that the trial court's decision overruling Wells's Crim.R. 33 motion was not an abuse of discretion. Overruling the motion was also not an abuse of discretion because Wells failed to comply with the requirements in Crim.R. 33(B) for filing untimely motions. Although the trial court overruled the motion on partially different grounds, we nevertheless find that it reached the correct result. *John A. Becker Co. v. Jedson Eng.*, *Inc.*, 2018-Ohio-3924, ¶ 19 (2d Dist.) ("An appellate court may affirm based on different reasoning than found by a trial court" and "cannot disturb a judgment or order that is legally correct based on different reasoning.").

**{¶ 21}** Wells's sole assignment of error is overruled.

## Conclusion

{¶ 22} Having overruled Wells's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.