[Cite as *State v. McHenry*, 2021-Ohio-3118.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29106 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-852 |
| | : | |
| DONALD J. MCHENRY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of September, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

ANGELINA N. JACKSON Atty. Reg. No. 0077937, Assistant Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Montgomery County Court of Common Pleas granting defendant-appellee Donald J. McHenry's oral motion in limine as a sanction for the State's committing an inadvertent discovery violation. In support of its appeal, the State argues that the trial court was required to impose the least severe sanction for the discovery violation, and that the trial court failed to do so when it excluded the evidence at issue. The State asserts that a trial continuance would have been the least severe sanction and that excluding the evidence was an abuse of discretion, since it was clear that doing so would result in McHenry's case being dismissed. For the reasons outlined below, we agree that the trial court's decision was an abuse of discretion. Therefore, the judgment of the trial court will be reversed and the matter will be remanded to the trial court for further proceedings.

### Facts and Course of Proceedings

{¶ 2} On March 23, 2020, a Montgomery County grand jury returned an indictment charging McHenry with one count of violating a protection order in violation of R.C. 2919.27. The offense was charged as a fifth-degree felony due to McHenry's having a prior conviction for violating a protection order in Dayton Municipal Court Case No. 2019-CRB-2738. McHenry pled not guilty to the charge and was subsequently released on bond on April 17, 2020.

{¶ 3} During the pendency of the case, the trial court granted several oral motions raised by McHenry requesting the trial court to continue the initial scheduling conference due to the ongoing COVID-19 pandemic. McHenry also filed a motion to suppress

statements that he made to police officers based on an alleged *Miranda* violation. The trial court denied McHenry's motion to suppress and thereafter scheduled McHenry's case for a jury trial to take place on December 14, 2020.

{¶ 4} On November 25, 2020, the trial court granted a trial continuance after McHenry orally moved to continue his trial due to the COVID-19 pandemic. The trial court then scheduled another scheduling conference to take place on January 6, 2021. During that scheduling conference, McHenry signed a time waiver and waived his right to a speedy trial. Thereafter, the trial court scheduled McHenry's trial for April 12, 2021. On March 31, 2021, trial was rescheduled for April 14, 2021.

{¶ 5} On April 13, 2021, the day before McHenry's trial was scheduled to begin, the trial court held a hearing on an oral motion in limine that McHenry's counsel had raised while the parties were in chambers on April 12, 2021. During this hearing, McHenry's counsel explained that, while the parties were in chambers discussing McHenry's case, the State referenced a protection order that was issued on April 16, 2019, as the protection order that McHenry had allegedly violated. Thereafter, McHenry's counsel indicated in chambers that the only protection order the State had provided him in discovery was an expired ex parte protection order that was issued on March 8, 2019.

{¶ 6} McHenry's counsel explained that, until that moment in chambers, he had believed that the expired protection order was the subject of McHenry's indictment and that his defense plan had been based entirely on the fact that McHenry had been indicted under an invalid protection order. As a result, McHenry's counsel stated that he immediately moved for the April 16, 2019 protection order to be excluded from evidence on grounds that it would completely change the defense's theory of the case.

{¶ 7} In response to McHenry's counsel's statements, the State acknowledged that it had inadvertently provided McHenry's counsel with the wrong protection order. The State explained that the investigating detective had accidentally attached the expired protection order to the case file that he forwarded to the prosecutor for purposes of discovery. The State claimed that it then forwarded the case information to McHenry's counsel believing that the correct protection order was attached. Therefore, the State maintained that it did not willfully withhold the protection order from McHenry's counsel and that its discovery violation was inadvertent.

{¶ 8} The State also argued that the parties had had numerous discussions about this case and numerous scheduling conferences during which it was believed that the parties had everything they needed for trial. The State further maintained that the technical violation with the expired protection order could have been remedied previously had the matter been brought up earlier by McHenry's counsel.

{¶ 9} The State additionally argued that the correct protection order was referenced in the corresponding police report that was provided to McHenry's counsel in discovery and that the protection order at issue had been served on McHenry over a year prior to the instant offense, given that McHenry had previously been prosecuted for violating the same protection order in Dayton Municipal Court Case No. 2019-CRB-2738. Therefore, the State maintained that McHenry had been aware of the existence of the April 16, 2019 protection order on which his violation was based.

{¶ 10} Based on the foregoing arguments, the State requested that the trial court review the circumstances surrounding the State's discovery mistake and employ the least restrictive remedy. The State specifically requested that the trial court order a trial

continuance, pointing out that excluding evidence of the protection order would necessarily result in the dismissal of McHenry's case and would prevent the victim from having his day in court. McHenry's counsel, however, was opposed to the trial court ordering another trial continuance. McHenry's counsel also noted that he had exercised due diligence and truly believed that he was facing an expired protection order until just recently. McHenry's counsel further argued that it was not the defense's duty to lay out its case for the State.

{¶ 11} After hearing both the parties' arguments, the trial court found that the State's discovery violation was not willful, but inadvertent. The trial court noted, however, that the State should have reviewed the case file to ensure that everything had been produced, especially since there had been multiple discovery demands. The trial court also found that knowledge of which protection order McHenry was indicted under would have necessarily changed how McHenry prepared for his case. The trial court further found that because the indictment did not identify the specific protection order that McHenry violated and because the expired protection order had been marked as being certified just prior to McHenry's grand jury proceeding, McHenry's counsel had every reason to believe that McHenry had been indicted under the expired protection order that was provided to him by the State. Given these facts, the trial court found that McHenry had had no reason to look for any other protection order.

{¶ 12} Following its findings, the trial court acknowledged that it was required to impose the least restrictive sanction. The trial court also acknowledged that excluding the protection order from evidence would necessarily result in the dismissal of McHenry's case. Nevertheless, the trial court decided that, under the circumstances of this case, a

trial continuance would be extremely unfair to the defendant and thus decided to exclude evidence of the April 16, 2019 protection order as a sanction for the State's inadvertent discovery violation. The State now appeals from that decision, raising a single assignment of error for review.

**Assignment of Error**

{¶ 13} Under its sole assignment of error, the State contends that the trial court erred by failing to impose the least severe sanction for the State's inadvertent discovery violation. Specifically, the State maintains that under the circumstances of this case, the trial court should have ordered a trial continuance as opposed to excluding the undisclosed protection order from evidence. The State argues that the trial court's decision to exclude the protection order was unreasonably harsh for an inadvertent discovery violation since the exclusion necessitated the dismissal of McHenry's case. We agree.

{¶ 14} Crim.R. 16(B) sets forth the items the State is required to provide to a defendant in discovery, and it generally includes "items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial[.]" If it comes to the court's attention that a party has not complied with Crim.R. 16, the trial court may "order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." Crim.R. 16(L)(1).

{¶ 15} "Sanctions for a Crim.R. 16 discovery violation are within the discretion of

the trial court and should be imposed equally, without regard to the status of the offending party." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 20. "A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus. "In exercising its discretion when the discovery violation is committed by the State, trial courts should consider: (1) whether the failure to disclose was a willful violation of Crim.R. 16, (2) whether foreknowledge of the undisclosed material would have benefitted the accused in the preparation of a defense, and (3) whether the accused was prejudiced." *State v. Hunt*, 2d Dist. Darke No. 2018-CA-9, 2019-Ohio-2352, ¶ 30, citing *Darmond* at ¶ 35, citing *State v. Parson*, 6 Ohio St.3d 442, 453 N.E.2d 689 (1983).

{¶ 16} "A review by an appellate court of the sanction imposed by a trial court for discovery violations is whether the sanction constituted an abuse of discretion." *State v. Johnson*, 2d Dist. Montgomery No. 18642, 2001 WL 814993, *1 (July 20, 2001), citing *Parson* at 445. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *Darmond* at ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). An abuse of discretion most often involves an unreasonable decision that is not supported by a sound reasoning process. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 17} Multiple appellate courts in Ohio have held that a trial court abuses its discretion when it fails to impose the least severe sanction for a discovery violation that

is consistent with the purpose of the rules of discovery. *See, e.g., State v. Lambert*, 6th Dist. Ottawa No. OT-96-011, 1996 WL 675637, *3 (Nov. 22, 1996) (finding an abuse of discretion where the trial court inquired into the circumstances surrounding a discovery violation, but did not impose the least severe sanction that was consistent with the rules of discovery); *State v. Warfield*, 8th Dist. Cuyahoga No. 86055, 2006-Ohio-935, ¶ 14 (finding the trial court's decision dismissing an indictment due to an inadvertent discovery violation was an abuse of discretion because it "went beyond the least severe sanction consistent with the purpose of the rules of discovery" and "was too severe * * * given the nature of the infraction"); *State v. King*, 5th Dist. Muskingum No. CT2010-0010, 2010-Ohio-5701, ¶ 24 and ¶ 75 (finding an abuse of discretion where the trial court did not impose the least severe sanction for a discovery violation, but instead "imposed the most severe sanction that it could"). *See also State v. Johnson*, 169 Ohio App.3d 552, 2006-Ohio-6227, 863 N.E.2d 1088, ¶ 9-13 (2d Dist.) (finding the trial court abused its discretion by dismissing a case for an inadvertent discovery violation where the detective accidentally failed to attach certain bank statements to the discovery packet and where the trial court relied on the 90-day deadline for trial in Sup.R. 39(B)(1) as a reason for dismissing the case as opposed to granting a trial continuance).

{¶ 18} In this case, the record indicates that the trial court considered all the necessary factors when determining what sanction to impose for the State's inadvertent discovery violation. The trial court also specifically acknowledged that it was required to impose the least severe sanction that was consistent with the purpose of the rules of discovery. Pursuant to Crim.R. 16(A), the purpose of the rules of discovery is "to provide all parties in a criminal case with the information necessary for a full and fair adjudication

of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large." The Supreme Court of Ohio has also stated that "[t]he purpose of the discovery rules 'is to prevent surprise and the secreting of evidence favorable to one party.' " *Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, at ¶ 19, quoting *Lakewood,* 32 Ohio St.3d at 3, 511 N.E.2d 1138.

{¶ 19} As previously discussed, the trial court decided to exclude the protection order as a sanction for the State's inadvertent discovery violation even though the trial court acknowledged that the exclusion would result in McHenry's case being dismissed. "[D]ismissal of a case is an extreme discovery sanction, requiring compelling reasons." *State v. Green,* 2d Dist. Montgomery No. 16754, 1998 WL 309211, *2 (June 12, 1998). Upon review, we are not persuaded that the trial court's reasons for effectively dismissing McHenry's case were sufficiently compelling.

{¶ 20} During the hearing on McHenry's oral motion in limine, the trial court indicated that it ultimately decided not to impose the lesser sanction of a trial continuance because it believed that a trial continuance would be unfair to McHenry. The trial court reached this conclusion primarily because it found that there had been several other trial continuances and because McHenry had reluctantly agreed to waive his right to a speedy trial at the behest of the trial court.[1] Specifically the trial court stated that:

> I agree with you that I'm supposed to consider the least restrictive
>
> sanction here and I want to do that, but I also know that a continuance here

---

[1] The trial court explained that "there's a time waiver only because I was there and I know that [defense counsel] did that. He twisted his client's arm at my behest because I had just taken the bench." Hearing Trans. (Apr. 13, 2021), p. 17.

is something that the defense is extremely opposed to, has been since I took the bench four months ago. It's been articulated to me how he did not want to continue this case. I believe it was set for trial right after I took the bench. It was my idea to continue it at that point because I had just taken the bench. He was extremely opposed to it.

So I think that is the only other sanction other than precluding the evidence and outright dismissal which I'm not willing to do. But I also understand that precluding the evidence is, in effect, a dismissal because you can't proceed without it. But that's all the more reason the state should've been very sure that something as key to their case as the protection order at issue was produced to the other side.

So the fact that the very evidence that's asked to be precluded is something that's key to the State's case, I understand that makes the sanction more severe, but on the flip side it also means that the State should've been more careful about making sure that document was produced to the other side.

So based on reviewing the factors from the Supreme Court, looking at everything that happened here, the fact that this case has been continued three times, that the defense has prepared this case based on the protection order that now is not at issue, I am going to grant the motion to preclude the production or the admission of the protection order.

And I – I have been thinking about this since it was raised in my chambers yesterday. I wish – you know, most of the time when I'm

precluding evidence, it's not something that's going to prevent the State from going forward but I think that because the only other possible sanction is one that's just entirely unfair to the defendant. This is what my decision is going to be.

Hearing Trans. (Apr. 13, 2021), p. 15-17.

**{¶ 21}** The trial court also explained its reasoning for not granting a trial continuance in its written decision granting McHenry's oral motion in limine wherein the trial court stated the following:

The only available remedies the Court had at its disposal were: (1) outright dismissal; (2) exclude the evidence not produced in discovery; or (3) continue the trial. The least severe, of course, would be to continue the trial. However, this matter has been pending for over a year. The trial has been continued three times already, mostly due to COVID and Administrative Orders of the Court discouraging jury trials except in unique and urgent circumstances through March 27, 2020, matters outside of the Defendant or State's control. The latest continuance from January 6, 2021 required Defendant to very reluctantly waive speedy trial time to reset the trial for April 14, 2021, the earliest date available after expiration of the Administrative Order. Continuing this trial for a fourth time, through no fault of the Defendant, would have unnecessarily penalized and prejudiced Defendant from having a trial on the charge against him within a reasonable period of time. The Defendant objected to a continuance, and the Court determined in its sound discretion that a continuance would be unfair to

Defendant.

(Emphasis sic.) Decision Granting Oral Motion in Limine (Apr. 23, 2021), p. 6.

{¶ 22} The record indicates that the trial court ultimately decided not to impose the least restrictive sanction in the form of a trial continuance because McHenry's trial had already been continued three times and because a fourth trial continuance would have been unfair to McHenry. The State, however, did not request any of the trial continuances. Also, while the trial court continued several scheduling conferences in this case, the record establishes that McHenry's trial was only continued twice.

{¶ 23} The first trial continuance occurred after McHenry moved to continue the original trial date of December 14, 2020, due to the ongoing COVID-19 pandemic. After that continuance was granted, the matter was set for a scheduling conference on January 6, 2021. During the scheduling conference, McHenry reluctantly waived his right to a speedy trial at the behest of the trial court, and his trial was thereafter rescheduled for April 12, 2021. The April 12th date was then administratively continued to April 14, 2021. The record, therefore, indicates that the delay in this case was not as extreme as the trial court indicated and was largely due to the trial court encouraging McHenry to waive his right to a speedy trial.

{¶ 24} Regardless, what we find most concerning about this case is the fact that the trial court's reason for not imposing a trial continuance as a discovery sanction had little to do with the circumstances surrounding the State's discovery violation. As previously noted: "[a] trial court **must inquire into the circumstances surrounding a discovery rule violation** and, when deciding whether to impose a sanction, **must impose the least severe sanction** that is consistent with the purpose of the rules of

discovery." (Emphasis added.) *Lakewood*, 32 Ohio St.3d 1, 511 N.E.2d 1138 at paragraph two of the syllabus. Here, the trial court decided against a trial continuance primarily because McHenry's trial had already been continued multiple times and because McHenry was pressured into waiving his speedy trial rights. The trial court's statements at the hearing and in its written decision indicate that but for those circumstances, it would have granted a trial continuance as opposed to excluding the evidence. Those circumstances, however, have nothing to do with the State's discovery violation. In other words, the trial court's decision to exclude the evidence was not based on the circumstances surrounding the State's inadvertent discovery violation, but on prior trial continuances and actions by the trial court that were out of the State's control. We find this to be unreasonable, thereby constituting an abuse of discretion.

{¶ 25} Although we appreciate the fact that McHenry wanted to get this matter behind him and did not want his trial to be delayed any longer, an additional continuance would have been a fair and feasible option in this case. This is particularly true given that McHenry was out on bond and not in custody. A trial continuance would have also permitted McHenry's case to be resolved on the merits as opposed to on a procedural technicality, which is always preferable. *Staub v. Miller*, 2d Dist. Greene No. 2018-CA-2, 2018-Ohio-3603, ¶ 29; *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986), quoting *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983) (" 'a basic tenet of Ohio jurisprudence [is] that cases should be decided on their merits' "). It is also significant that the State's discovery violation was inadvertent and that the record indicates that McHenry was aware of the undisclosed protection order's existence, as he had been convicted for violating the same protection order in Dayton Municipal Court

Case No. 2019-CR-2738.   Therefore, despite McHenry's claims otherwise, there was no real element of surprise here.

{¶ 26} For all the foregoing reasons, we find that the trial court abused its discretion by excluding the April 16, 2019 protection order as a sanction for the State's inadvertent discovery violation, which necessarily resulted in the dismissal of McHenry's case, when a less severe sanction in the form of a trial continuance was a fair and feasible option under the circumstances.

{¶ 27} The State's sole assignment of error is sustained.


**Conclusion**

{¶ 28} Having sustained the State's sole assignment of error, the judgment of the trial court granting McHenry's oral motion in limine excluding the April 16, 2019 protection order is reversed, and the matter is remanded to the trial court for further proceedings.

. . . . . . . . . . . . .


TUCKER, P.J. and EPLEY, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Angelina N. Jackson
Hon. Susan D. Solle